William E. Peterson, Bar No. 1528
wpeterson@swlaw.com
Janine C. Prupas, Bar No. 9156
jprupas@swlaw.com
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, NV 89501
Telephone: (775) 785-5440
Facsimile: (775) 785-5441

Maranda E. Fritz
maranda@fritzpc.com
Maranda Fritz PC
521 Fifth Avenue
New York, New York 10175
Telephone: 646 584-8231
(Pro Hac Application to be filed)

*Attorneys for Defendant Alpine Securities Corp. and Joseph Walsh*

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ALPINE SECURITIES CORPORATION, CHRISTOPHER DOUBEK, and JOSEPH WALSH,

Defendants.

Case No. 22-cv-1279

**ALPINE SECURITIES CORPORATION'S MOTION TO STAY DISCOVERY**

Defendants Alpine Securities Corporation ("Alpine") and Joseph Walsh ("Walsh"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c), move to stay discovery in this matter pending resolution of the Motion to Dismiss.

The parties have conferred on this issue and the Plaintiff has confirmed that it has no opposition to this application. *Pro se* Defendant Christopher Doubek advised that he wants the case against him to move quickly and so opposes the motion.

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

## I. Background

This action has been brought by the Denver Office of the Securities and Exchange Commission ("SEC") against a Utah firm based on alleged actions that plainly occurred in Utah. It alleges that Alpine and its management engaged in wrongful conduct in treating certain customer accounts as abandoned and certain securities positions as worthless.

Defendants Alpine and Walsh, on October 18, 2022, filed motions to dismiss or transfer this action based on the facts that Alpine is a Utah broker-dealer and clearing firm, all of the relevant conduct at issue occurred at Alpine's location in Salt Lake City, the relevant choice of law provision specifies that Utah law governs interpretation of Alpine's agreement with the customer, and the witnesses live in or work at Alpine's offices in Salt Lake City.[1] As Alpine pointed out, the only basis for venue in Nevada articulated in the Complaint is the claim that Defendant Chris Doubek, after he was terminated by Alpine, moved to Henderson, Nevada.[2]

Defendants' motions also raised the issue of the duplicative nature of this proceeding: the same contentions made by the Plaintiff in this action are advanced in an action which was commenced by FINRA in 2019, proceeded to a lengthy hearing, and is now on appeal.[3] Based on those circumstances, Defendants Alpine and Walsh have asked that this Court, if it declines to dismiss or transfer the action to Utah, issue a stay to prevent the regulators from forcing Alpine to defend two actions predicated on the same conduct.

## II. Argument

Courts maintain inherent authority to stay proceedings[4] and to control discovery.[5] Incident to that power is the court's ability to prevent a party from being forced to needlessly incur litigation costs through unnecessary discovery.[6] Although a dispositive motion alone does not warrant an automatic stay of all discovery, courts have recognized that "discovery is expensive and resolving issues that may result in the full dismissal of [the] case at the earliest possible stage of litigation is

---

[1] ECF No.s 14, 20, 21.

[2] The Complaint also asserted that Alpine, a Utah corporation, was owned by a Nevada entity. Complaint at ¶ 9. Alpine is actually owned by SCA Clearing LLC, an entity organized under the laws of the state of Arizona. See Declaration of Maranda Fritz ("Fritz Dec.") at ¶ 1.

[3] *See* ECF 14 at Exhibit A: FINRA Complaint; ECF 14 at Exhibit B: Hearing Panel Decision, at 30-57.

[4] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

[5] *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

[6] *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602–03 (D. Nev. 2011).

important."[7] A court may stay discovery or temporarily limit its scope when a pending dispositive motion (1) "can be decided without further discovery" and (2) "good cause exists to stay discovery."[8]

Here, a stay is particularly appropriate not only because of the pending motions but also because the regulatory authorities have already filed an action that incorporates *these same allegations* and have put Alpine to the expense of extensive discovery and a lengthy hearing over the course of more than three years. Indeed, the Plaintiff has acknowledged that its filing of this case is based on the extensive record that exists from that prior proceeding.

Under the circumstances, the stay factors weigh in favor of staying discovery until the court resolves the pending motions to dismiss, transfer or stay duplicative proceedings.

**A. Defendants' motions can be decided without any discovery.**

Defendants' motions are directed to the allegations of the Complaint which, on its face, fails to provide a sufficient basis for the filing of this action in Nevada. As discussed in that motion, the only allegation pertaining to jurisdiction is pure happenstance: after being terminated by Alpine, Mr. Doubek allegedly moved to Henderson, Nevada. And while Plaintiff has now presented a raft of other claims, not contained in the Complaint, to try to argue that there is some rational connection to Nevada, resolution of those issues does not require that the parties proceed to discovery on the merits of the allegations. This Court will be able to resolve the pending motions as a matter of law based solely on the complaint and the filings submitted by the parties.

**B. Good cause exists to stay discovery.**

Good cause to stay discovery may exist not only based on the issues presented in a dispositive motion but also "based on other factors unrelated to the merits of the dispositive motion."[9] Those factors may include the "undue burden or expense" of discovery,[10] or other circumstances demonstrating that it may be "more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case."[11]

---

[7] *Middleton v. Bank of Am.*, 2:20-cv-00426-KJD-DJA, 2020 WL 8971504, at *2 (D. Nev. May 28, 2020).
[8] *Page v. Shumaker Mallory, LLP*, No. 2:21-cv-02002-KJD-BNW, 2022 WL 1308286, at *1 (D. Nev. Apr. 29, 2022).
[9] *Schrader v. Wynn Las Vegas, LLC*, 2:19-cv-02159-JCM-BNW, 2021 WL 4810324 at *4 (D. Nev. Oct. 14, 2021).
[10] *Page*, 2022 WL 1308286, at *3.
[11] *Tradebay*, 278 F.R.D. at 603.

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

The unusual circumstances of this duplicative proceeding present good cause to stay discovery. First, the pending motions seek to have the case dismissed or transferred to another jurisdiction to be overseen by a different court, the motion sets forth compelling reasons to do so, and that issue should be resolved before the parties are called upon to move forward in this court.

Further, this proceeding by its nature seeks to force Alpine to undergo the extensive and expensive discovery and litigation process that has *already* occurred in the ongoing FINRA matter, it unfairly subjects Alpine to multiple punishments for that same conduct, and it plainly presents a potential for inconsistent results. Those issues and injuries will be exacerbated by requiring the Defendants once again to engage in discovery while the motions are pending.

**III. Conclusion**

This Court should stay discovery in this matter because Defendant's motion to dismiss can be decided without any further discovery, and good cause exists given the issues presented by those motions to avoid further unnecessary expense and burden to be imposed on the parties.

Notably, Plaintiff has confirmed that it does not oppose this request.

Dated: November 29, 2022 SNELL & WILMER L.L.P.

By: *-/s/ Jacey Prupas*---------------------
William E. Peterson, Bar No. 1528
Janine C. Prupas, No. 9156
50 West Liberty Street, Suite 510
Reno, Nevada 89501

Maranda E. Fritz
maranda@fritzpc.com
Maranda Fritz PC
521 Fifth Avenue
New York, New York 10175
Telephone: 646 584-8231
(Pro Hac Application pending)

*Attorneys for Defendant Alpine Securities Corporation and Joseph Walsh*

Snell & Wilmer L.L.P. LAW OFFICES 50 West Liberty Street, Suite 510 Reno, Nevada 89501 775-785-5440

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **ALPINE SECURITIES CORPORATION'S MOTION TO STAY DISCOVERY** by the method indicated:

XXXXXXX by Court's CM/ECF Program

__________ by U. S. Mail

__________ by Facsimile Transmission

__________ by Overnight Mail

__________ by Federal Express

__________ by Electronic Service

__________ by Hand Delivery

Dated this 29th day of November, 2022

By: *__/s/ Vicki Quarve__*
An employee of Snell & Wilmer L.L.P.

Snell & Wilmer L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440