# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION, CHRISTOPHER DOUBEK, and JOSEPH WALSH,<br><br>　　　　　　Defendants. | 2:22-cv-01279-RFB-VCF<br>**<u>ORDER</u>** |

　　　Before the Court is Defendant Alpine Securities Corporation's Motion to Stay Discovery. ECF NO. 22

　　　Defendant Alpine requests to stay discovery pending decision on its motion to dismiss. No opposition has been filed and the time to file an opposition has passed.

**I. Relevant Background**

　　　This case commenced on August 10, 2022. This matter pertains to alleged unauthorized transactions or notice in an improper attempt to force customers to close their Alpine brokerage accounts. ECF No. 1. Plaintiff alleges that Alpine and its management engaged in wrongful conduct in treating certain customer accounts as abandoned and certain securities positions as worthless.

1

On October 18, 2022, Defendant Alpine Securities filed its motion to dismiss. ECF NO. 14. Defendant Christopher Doubek filed his motion to dismiss on October 18, 2022. ECF No. 17. On November 29, 2022, Defendant Alpine filed its motion to stay discovery. ECF No. 22. Defendant Alpine states that the parties have conferred on this issue and the Plaintiff has no opposition to the instant motion. *Id.* Pro se Defendant Christopher Doubek advised that he wants the case against him to move quickly and so opposes the motion. To date, Defendant Doubek has not filed any opposition and the time to file an opposition has passed.

Defendant Alpine, on October 18, 2022, filed its motion to dismiss or transfer this action based on the facts that Alpine is a Utah broker-dealer and clearing firm, all of the relevant conduct at issue occurred at Alpine's location in Salt Lake City, the relevant choice of law provision specifies that Utah law governs interpretation of Alpine's agreement with the customer, and the witnesses live in or work at Alpine's offices in Salt Lake City. Alpine pointed out that the only basis for venue in Nevada articulated in the Complaint is the claim that Defendant Chris Doubek, after he was terminated by Alpine, moved to Henderson, Nevada.

Defendant's motion also raised the issue of the duplicative nature of this proceeding: the same contentions made by the Plaintiff in this action are advanced in another action which was commenced by the Financial Industry Regulatory Authority ("FINRA") which includes allegations based on precisely the same movements of securities that are the basis for this action, and is now on appeal.

Plaintiff has not filed an opposition to Defendant's motion to stay discovery.

**II. LEGAL STANDARD**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed, administered, and employed by the court and the parties

to secure the just, speedy, and inexpensive determination of every action[.]" FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED.R.CIV.P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (*citing Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (*citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate

would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

Under LR7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

**III. Discussion**

No opposition has been filed and the time to file an opposition has passed. It would seem as though Plaintiff and Defendant Doubek have consented to the granting of the instant motion.

Defendant Alpine Securities Corporation's motion to stay is granted on the merits. Here, no factual issues are raised by the motion to dismiss, and discovery is not required to address the issues raised by the motion to dismiss. After a "preliminary peek" and in light of the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that the motion to dismiss may have merit and Defendant has demonstrated good cause to stay discovery.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendant Alpine Securities Corporation's Motion to Stay Discovery (ECF NO. 22), is GRANTED. In the event resolution of Defendant Alpine Securities Corporation's

Motion to Dismiss (ECF NO. 14) does not result in the disposition of this case, the parties must file a joint discovery plan within 21 days of the issuance of the order resolving that motion.

DATED this 22nd day of December 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE