Ian J. Kellogg
James P. McDonald
Admitted pursuant to LR IA 11-3
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, Colorado 80294
(303) 844-1000
kelloggi@sec.gov
mcdonaldja@sec.gov

*Counsel for Plaintiff Securities and Exchange Commission*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION, CHRISTOPHER DOUBEK, and JOSEPH WALSH,<br><br>        Defendants. | Case No. 2:22-cv-01279-RFB-VCF<br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' COMPLIANCE WITH THE RULES FOR LATE-FILED PLEADINGS AS TO DEFENDANTS' UNTIMELY ANSWER [ECF NO. 48] AND FOR EQUITABLE RELIEF, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

Defendants Alpine Securities Corporation and Joseph Walsh (the "Alpine Defendants") filed their Answer to the SEC's Complaint nearly seven weeks late, without first seeking or obtaining leave of Court by way of a motion demonstrating good cause and excusable neglect.  In addition to failing to follow the required procedures for late-filed pleadings, the untimely Answer failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8 because it included improper "affirmative defenses" and qualified denials and non-admissions.

Accordingly, and pursuant to Federal Rules of Civil Procedure 6(b) and 12(f), Local Rule of Practice IA 6-1, the Court's Chambers Practice, and the Court's inherent authority, the SEC respectfully requests that (1) the Court compel the Alpine Defendants to comply with the rules governing late-filed pleadings with respect to their untimely Answer [ECF No. 48], and (2) if and

when the Court accepts a late-filed Answer from the Alpine Defendants, to order certain limited equitable relief, including (a) precluding the Alpine Defendants' affirmative defenses, which are not proper affirmative defenses in any event, and (b) deeming certain allegations in the Complaint admitted, to which allegations the Alpine Defendants improperly responded with qualified denials "as phrased" as to the contents of documents and other facts not subject to reasonable dispute. The requested relief will serve to remedy the Alpine Defendants' decision to file their Answer out of time without first seeking leave of Court—effectively granting themselves a portion of the stay that the Court denied—and is also appropriate due to their failure to comply with the pleading requirements of Rule 8. The requested relief also will expedite the resolution of this matter within the time-frame stipulated by the parties and Ordered by the Court [ECF No. 41] and further a just, speedy, and inexpensive determination of this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

The deadline for Defendants to answer the SEC's Complaint was August 29, 2023. The Court denied the Alpine Defendants' motion to dismiss (and in the alternative to stay) on August 15, 2023. Hearing Tr. at 35:21-22 ("[A]s relates to Alpine's motion to dismiss, I'm going to deny that motion in its entirety."); *see also* ECF No. 39 (Minute Order incorporating record of proceedings and denying motions to dismiss). Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants were, therefore, required to Answer the Complaint on or before August 29, 2023. Fed. R. Civ. P. 12(a)(1)(4)(A) ("[I]f the court denies the motion . . . , the responsive pleading must be served within 14 days after notice of the court's action.").[1]

The Alpine Defendants did not answer the Complaint on or before August 29, 2023. Rather, after the SEC raised Defendants' failure to answer and offered to meet and confer, the Alpine Defendants filed their Answer on October 16, 2023, six weeks and six days after the deadline. ECF

---

[1] Even if the Alpine Defendants were to claim that they were not on "notice of the Court's action" denying their motion to dismiss until the Court issued its Minute Order on August 29, ECF No. 39—which Defendants have not claimed, and, given the clarity with which the Court spoke at the hearing, could not plausibly claim—the October 16 Answer would still have been five weeks late.

No. 48.[2]  The Alpine Defendants filed their untimely Answer without filing a motion or otherwise acknowledging that their response was past due or attempting to excuse its untimeliness.

The Alpine Defendants' untimely Answer was impermissible because it did not comply with the rules for late filings, including that it was filed without first seeking and obtaining leave of Court by filing a motion demonstrating good cause and excusable neglect.  The Federal Rules of Civil Procedure provide that a deadline may be extended after its expiration if, and only if, the tardy party files a motion showing "good cause" and that the failure to act by the deadline was the result of "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").  The Local Rules of this District further provide that "[a] request made after the expiration of the specified period *will not be granted* unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."  LR IA 6-1(a) (emphasis added).  And the Court's Chambers Practices specify that requests for extension of time made less than three days before a deadline "will be granted only in extraordinary circumstances if just cause is presented."

The Alpine Defendants were required to—but did not—make the requisite showings of good cause and excusable neglect by filing a motion.  The Supreme Court has explained that "any *post*deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'"  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990); *see also id.* at 896 n.5 ("*After* the time for filing has expired, . . . the court (again 'for cause shown' and 'in its discretion') may extend the time only 'upon motion.'"); *see also Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 966 (9th Cir. 2011) ("Federal Rule of Civil Procedure 6(b) requires that '[w]hen an act may or must be done within a specified time,' a party *must file a 'motion* . . . after the time has expired if the party failed to act because of excusable

---

[2] Defendant Chris Doubek's Answer was also untimely filed.  ECF No. 50.  However, because Mr. Doubek's Answer largely admits the allegations against him, does not assert any defenses (much less improper affirmative defenses), and because Mr. Doubek is proceeding *pro se* and explained during conferral that he did not understand that he was required to file his answer with the Court after the denial of his motion to dismiss, the SEC is not seeking relief as to Mr. Doubek's Answer.

neglect.'") (emphasis added).  "The requirement that parties who simply ignore deadlines make a showing of excusable neglect should be taken seriously by the district courts," *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 558 (7th Cir. 1996), and "[i]f the moving party does not seek an extension until after the time limit has expired, the court may exercise its discretion *only if a motion is made* and the moving party proves its failure to comply with the applicable deadline was the result of excusable neglect," *ADAPT of Phila. v. Phila. Hous. Auth.*, 511 F. Supp. 2d 510, 515 (E.D. Pa. 2007) (emphasis added).

Here, the Alpine Defendants did not file a motion seeking an extension of time to file their Answer demonstrating (or attempting to demonstrate) good cause and excusable neglect. Accordingly, the Alpine Defendants have not triggered the Court's discretion to consider their untimely Answer, and the Court should refuse to do so unless and until the Alpine Defendants comply with the rules and precedents governing late filings.  *Supra* at 2-3 (citing rules and cases).

In pre-motion conferral, the Alpine Defendants did not dispute that their Answer was untimely and was filed without a motion seeking leave to file out of time.  Nonetheless, the Alpine Defendants indicated that they were free to answer any time before default was entered, and that, as a practical matter, there were no consequences to their untimely and improper filing because striking the Answer would be the equivalent of a default.  The SEC respectfully disagrees.

First, the SEC is not moving for default.[3]  The SEC asks the Court to compel the Alpine Defendants to follow the rules governing late-filed pleadings, which require a motion demonstrating good cause and excusable neglect.  And, assuming that the Court accepts the Alpine Defendants' Answer (with or without the required motion), the SEC is seeking certain other, limited equitable relief, including precluding the Alpine Defendants' affirmative defenses (which are not affirmative defenses in any event) and deeming certain allegations in the Complaint admitted (which allegations are not subject to reasonable dispute and to which the Alpine Defendants have responded in a manner impermissible under the Federal Rules of Civil Procedure).

---

[3] While there may be circumstances in which the SEC would move for default—if, for example, the Court were to Order Defendants to comply with Rule 6(b) and they were to refuse—those circumstances are not currently present.

Second, Federal Rule of Civil Procedure Rule 6(b), Local Rule IA 6-1(a), and the precedents discussed above require a motion from the delinquent party in order for the Court to have discretion to consider the party's late filing.  Perhaps, in such a motion, the Alpine Defendants' arguments about the impact of precluding a late-filed answer could contribute to a showing of good cause (or perhaps not), but that question is not before the Court because the Alpine Defendants have not filed the necessary motion attempting to show good cause and excusable neglect.

Third, the SEC respectfully disagrees with the position that a party may, without consequence, ignore court deadlines, the Federal Rules of Civil Procedure, the Local Rules of Practice, and the Court's Chambers Practices.  Here, the Alpine Defendants have, in effect, granted themselves a portion of the stay that the Court denied.  In their motion to dismiss, the Alpine Defendants asked the Court, in the alternative, to stay the FINRA proceedings or to "stay this action pending the SEC's own review of the decision issued in the FINRA matter."  ECF No. 14 at 3.  During the motions hearing, the Alpine Defendants again argued in favor of a stay, and the Court addressed "whether it would make sense to stay this case in terms of the discovery proceeding pending a decision from the D.C. Circuit and the FINRA case."  Hearing Tr. at 34:18-20.  The Court denied the Alpine Defendants' request for a stay—"I am also going to deny the motion to stay," *id.* at 35:15-16—and "order[ed] that the case proceed in a normal fashion," *id.* at 35:21-22.

But the Alpine Defendants did not proceed in a normal fashion.  They did not file an Answer by the deadline mandated by the Federal Rules.  They filed an Answer only after the SEC raised the fact that they had not answered and then did so without the motion required by Rule 6(b).

Fourth, there is ample relief short of default that the Court can grant to remedy the Alpine Defendants' noncompliance.  As an initial matter, the Court can and should require Defendants to file a motion, as contemplated by the above-cited authorities, making (or attempting to make) showings of good cause and excusable neglect.  In addition, even if that motion is successful (or if the Court considers the untimely Answer in the absence of a motion), the Court should strike the Alpine Defendants' affirmative defenses and deem certain allegations admitted; in addition to being appropriate an appropriate exercise of the Court's inherent authority in light of the Alpine Defendants' untimely filing made without following the strictures of Rule 6, *infra* at 6-7 (discussing

authority), the requested relief is also appropriate in light of the Alpine Defendants' violations of Rule 8 by asserting improper affirmative defenses and qualified denials that do not fairly respond to the substance of the allegations, *infra* at 7-12 (discussing improper pleading).

\* \* \*

The Court's authority to award the relief requested by the SEC in this motion is beyond cavil.  The Supreme Court has long recognized that district courts have "inherent power[s], governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).  In addition, courts have authority under Rule 12(f) to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The purpose of a motion to strike under Rule 12(f) 'is to avoid the expenditure of time and money that must arise from litigating spurious issues.'"  *FTC v. Johnson*, No. 2:10-cv-02203-MMD-GWF, 2013 WL 2460359, at \*9 (D. Nev. June 6, 2013) (quoting *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983)).  Thus, in appropriate circumstances, courts can, among other relief, strike improper filings,[4] strike or refuse to consider affirmative defenses,[5] and deem certain matters admitted.[6]  To be sure, relief that would be the

---

[4] *See, e.g.*, *TeleVideo Sys.. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (affirming decision to strike defendant's answer and enter default judgment against him, noting that "Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices"); *Randazza v. Cox*, No. 2:12-cv-02040-GMN-PAL, 2013 WL 176796, at \*2-3 (D. Nev. Feb. 22, 2013) (striking answer, with leave to re-file, for failure to comply with Rule 8(b)); *Greenberg v. Guzman*, No. CV-14-866 (BRO), 2014 WL 1256937S, at \*2 (C.D. Cal. July 10, 2014) (striking answer pursuant to Rule 12(f), with leave to re-file, for failure to comply with Rule 8(b)).

[5] *See, e.g.*, *SEC v. Des Champs*, No. 2:08-cv-01279, 2009 WL 3068258, at \*1 (D. Nev. Sept. 21, 2009) ("Affirmative defenses that are insufficient as a matter of law should be stricken."); *SEC v. Rivlin*, No. 99–1455 (RCL), 1999 WL 1455758, at \*3-6 (D.D.C. Dec. 20, 1999) (striking numerous defenses because they were frivolous, lacked merit, were redundant, or did not constitute affirmative defenses at all); *cf. Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (explaining that a defendant need not show prejudice to strike affirmative defenses that are legally insufficient); *State Street Global Advisors Trust Co. v. Visbal*, 462 F. Supp. 3d 435, 442 n. 7 (S.D.N.Y. 2020) (same).

[6] *See, e.g.*, *Satco Products, Inc. v. Seoul Semiconductor Co.*, 551 F. Supp. 3d 1329, 1333-36 (N.D. Ga. 2021) (accepting late-filed answer on Rule 6(b) motion, but granting motion to deem certain allegations admitted for failure to comply with Rule 8); *Bank of America, N.A. v. Malibu Canyon Investors, LLC*, 2012 WL 115577, at \*4 (D. Nev. Jan. 13, 2012) (deeming certain allegations

1  equivalent of a default—such as, for example, striking the Defendants' answer without affording

2  them the opportunity to attempt to refile and deeming all allegations admitted—would be

3  disfavored.  *See, e.g.*, *Lake v. Fellner*, No. 2:12-CV-01345-GMN, 2014 WL 664653, at *2-3 (D.

4  Nev. Feb. 19, 2014) (striking late-filed answer but setting aside Clerk's default, noting that default

5  is a drastic step); *cf. Rezendes v. MomocoLV-MB, LLC*, No. 2:21-cv-00685-RFB-DJA, 2022 WL

6  4466092, at *2 (D. Nev. Sep. 26, 2022) (noting that defaults are generally disfavored).  But that is

7  not the relief the SEC seeks here.  Rather, the SEC requests that the Court compel the Alpine

8  Defendants' compliance with Rule 6(b), governing untimely filings, and award certain limited relief

9  to which the SEC would be entitled in any event based on the Alpine Defendants' failure to comply

10  with Rule 8, governing responsive pleadings.

11                                                      * * *

12         The Alpine Defendants' so-called affirmative defenses should be stricken.  Rule 8(c)

13  requires the responding party to affirmatively state any avoidance or affirmative defense.  An

14  affirmative defense—as opposed to a claim that a party cannot meet its burden of proof on one or

15  more elements of a claim—precludes liability even if all of the elements of a plaintiff's claim are

16  proven.  *Barnes*, 718 F. Supp. 2d at 1173.  Here, the Alpine Defendants have listed the following as

17  affirmative defenses: (1) failure to state a claim; (2) lack of personal jurisdiction; (3) good faith;

18  (4) lack of intent to defraud and no property deprivation; (5) no alteration or deprivation of

19  ownership in property; (6) lack of entitlement to injunctive relief; (7) monetary claims barred; and

20  (8) failure to plead fraud with particularity. ECF No. 48 at 5-7.  The Alpine Defendants have also

21  asserted at a "reservation of defenses."  *Id.* at 7.  But none of these so-style affirmative defenses is,

22  in fact, an affirmative defense.  Accordingly, both as equitable relief for the Alpine Defendants'

23  untimely Answer, and for failure to comply with Rule 8, the Court should strike, and refuse to

24  consider the Alpine Defendants' so-called affirmative defenses and reservation of defenses.  *See,*

25  *e.g.*, *FTC v. Johnson*, 2013 WL 2460359, at *9 (striking, as not supported by law, affirmative

26

27  admitted due to Defendants' improper responses that they lacked sufficient knowledge and
    information when, in fact, most of the allegations involved matters which the Defendants either

28  knew or should have known at the time of the answer after making reasonable inquiry).

defenses of failure to state a claim, denials of allegations, and reservation of future affirmative defenses); *Hybrid International, LLC v. Scotia International of Nevada, Inc.*, No. 2:19-cv-2077-JCM-EJY, 2020 WL 4289372, at *6 (D. Nev. July 27, 2020) ("[C]ourts strike purported affirmative defenses which are, in fact, attacks on the plaintiff's prima facie case."); *see also id.* ("[C]ourts have found that [t]he mere reservation of affirmative defenses is not an affirmative defense, and struck such reservations accordingly.") (internal quotation omitted).

In conferral with the SEC, the Alpine Defendants did not dispute the SEC's position that the so-called affirmative defenses raised in the untimely Answer are not, in fact, affirmative defenses; however, the Alpine Defendants asserted that this issue was better resolved on summary judgment. The SEC respectfully disagrees.  Because the purpose of filing an answer and raising affirmative defenses is to provide an appropriate response to an allegation, to identify actual points of disagreement, and to focus and narrow discovery, *see, e.g.*, *M.C. v. Antelope Valley Union High Sch. Dist.*, 858 F.3d 1189, 1199 (9th Cir. 2017), it is in the interests of justice and efficiency to dispense with these improper defenses now.  In addition to ensuring the Court will not be called upon to resolve any disputes about their clear inapplicability later, an Order striking or refusing to consider the Alpine Defendants' affirmative defenses now will avoid the parties spending unnecessary time and money seeking discovery into, or litigating over, the Alpine Defendants' improperly asserted affirmative defenses.  *Cf. Barnes*, 718 F. Supp. 2d at 1173 ("If the court were to permit legally unsustainable affirmative defenses to survive, [plaintiff] would be required to conduct expensive and potentially unnecessary and irrelevant discovery.").

The Court should strike or refuse to consider Alpine Defendants' assertion of lack of personal jurisdiction as an affirmative defense on an additional ground.  The Alpine Defendants waived personal jurisdiction by filing a Rule 12 motion that did not raise that defense. Fed. R. Civ. P. 12(h)(1)(A); *Chilicky v. Schweiker*, 796 F.2d 1131, 1135-36 (9th Cir.1 986) ("If a party files a pre-answer motion, but does not raise one of the defenses enumerated above [including personal jurisdiction], the party waives the omitted defense and cannot subsequently raise it in his answer or otherwise."), *rev'd on other grounds*, 487 U.S. 412 (1988).

The Court should also deem admitted certain allegations in the SEC's Complaint due to the

Alpine Defendants failure to comply with Rule 8 by denying various allegations "as phrased" and by "refer[ring] to" the contents of documents rather than responding to allegations about the contents of documents.  Rule 8(b) provides three options for responding to allegations:

(1) "admit . . . the allegations asserted against it," Fed. R. Civ. P. 8(b)(1)(B); (2) "deny the allegations asserted against it," *id.*; or (3) state that the defendant "lacks knowledge or information sufficient to form a belief about the truth of an allegation," which has the effect of a denial, Fed. R. Civ. P. 8(b)(5); *see also Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *4 (N.D. Ill. Oct. 30, 2002) ("Rule 8(b) of the Federal Rules of Civil Procedure gives parties three pleading options in the answer: to admit the allegation, to deny the allegation, or to state that the party lacks knowledge or information sufficient to form a belief as to the truth of the allegation.").

In response to the allegations in paragraphs 14, 17, 18, 19, 20, 22, 26, 31, 32, 33, 41, 42, 43, 44, 46, 47, and 48, the Alpine Defendants denied the allegations "as phrased."  ECF No. 48.  The Alpine Defendants' denial of these allegations "as phrased" runs afoul of Rule 8 because the denial of allegations "as phrased" is not a pleading option provided by Rule 8(b).  In addition, it is the SEC's understanding based on pre-motion conferral with the Alpine Defendants' counsel that the addition of this qualifier (as opposed to other allegations, which the Alpine Defendants simply denied) is meant to signal that the Alpine Defendants disagree with the phrasing, rather than the substance, of these allegations.[7]  But this, too, is impermissible.  Rule 8 requires that "[a] denial must fairly respond to the substance of the allegation" Fed. R. Civ. P. 8(b)(2), and "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest," *id.* 8(b)(4).  The Alpine Defendants' qualified denials in their untimely Answer fail to comply

---

[7] The SEC first raised the Alpine Defendants' qualified denials "as phrased" by email on October 19, three days after the Alpine Defendants filed their untimely Answer.  The parties then conferred by phone on October 25.  On that conferral call, the SEC came to understand that the Alpine Defendants' issue with these allegations was the specific way they were phrased, not their overall substance.  At the Alpine Defendants' request, the SEC followed up by email on November 1, pointing out the paragraphs in response to which the Alpine Defendants had utilized the improperly qualified "as phrased" denials, as well as the use of those improper qualified denials in response to allegations of fact to which Alpine had previously stipulated.  The SEC did not receive a response to that email and has had no further communication from Defendants concerning the contents of their untimely Answer.

with Rule 8, and the Court should deem the allegations in the paragraphs listed above as admitted.

In addition to being improper under Rule 8, and as discussed further below, the majority of these allegations refer to the contents of documents and/or mirror Alpine's prior stipulations and cannot reasonably be denied.

In response to the allegations in paragraphs 14, 15, 16, 30, 41, 42, 43, 44, 46, 47, and 48, which refer to and quote directly from Alpine's documents—including communications Alpine sent to customers, Alpine's customer agreements, and communications Alpine received from its customers—the Alpine Defendants "refer to" the contents of documents.  These responses are likewise impermissible under the Federal Rules of Civil Procedure, which "require pleaders to employ one of the only three alternatives that are permitted by Rule 8(b) in response to all allegations, including those regarding the contents of documents."  *Chicago District Council of Carpenters Pension Fund v. Balmoral Racing Club, Inc.*, No. 00 C 2375, 2000 WL 876921, at *1 (N.D. Ill. June 26, 2000) (striking answers that documents "speak for themselves" in response to paragraphs alleging the terms of provisions in documents).  "No reason appears why [defendant] should not respond by admitting any allegation that accurately describes the content of whatever part of a document is referred to."  *Id.*  Here, as summarized below, the allegations accurately describe the contents of the documents to which they refer—the Alpine Defendants have not claimed otherwise—and the Court should deem the allegations admitted.

- ¶ 14 – summarizing and quoting from a letter Alpine sent its customers that was the subject of a joint stipulation between Alpine and FINRA (Exhibit 1 ¶ 58[8]) and was a jointly agreed to as an exhibit in the FINRA proceedings against Alpine, in response to which Defendants deny the allegations "as phrased," admit that Alpine sent communications but "refer to the document for its contents."

- ¶ 15 – summarizing and quoting from a letter that was the subject of a joint stipulation between Alpine and FINRA (Ex. 1 ¶ 59), in response to which Defendants admit that Alpine sent a letter but "refers to the letter for its contents."

- ¶ 16 – summarizing and quoting from letters Alpine sent its customers that were the subjects of joint stipulations between Alpine and FINRA (Ex. 1 ¶¶ 38-39, 60) and were jointly agreed to as exhibits, in response to which Defendants admit Alpine sent

---

[8] A true and correct copy of the Joint Stipulations between Alpine and FINRA in FINRA's disciplinary proceedings against Alpine is attached as Exhibit 1.

notices, but "refer to those notices for their contents."

- ¶ 30 – quoting Alpine's customer agreements, in response to which the Alpine Defendants neither admit nor deny, but rather "refer to the customer agreements for their contents."

- ¶¶ 41, 42 – quoting a letter Alpine sent to its customers that was the subject of a joint stipulation and was a joint exhibit (Ex. 1 ¶ 61), in response to which the Alpine Defendants deny the allegations "as phrased and refer to the document for its contents."

- ¶ 43 – summarizing and quoting an Alpine automated email response, in response to which the Alpine Defendants deny the allegations "as phrased and refer to the document for its contents."

- ¶¶ 44, 46, 47, 48 – quoting communications Alpine received from its customers, in response to which the Alpine Defendants deny the allegations "as phrased and refer to the notices to and communications with the customer for their contents."[9]

Finally, in response to the allegations in paragraphs 14, 17, 18, 20, 32, 41, and 42, the Alpine Defendants denied "as phrased" allegations that do not differ materially from stipulations to which Alpine agreed during FINRA's enforcement action.  In addition to paragraphs 14, 41, and 42, addressed above, the allegations in paragraph 17 refer to the contents of Alpine's customer communications that were the subject of stipulations referred to above (¶¶ 14, 15, and 16).  The allegations in paragraph 18 track Alpine's stipulations with FINRA (Ex. 1 ¶¶ 62, 65), as do the allegations in paragraph 20, which refer to a subset of transactions to which Alpine stipulated (Ex. 1 ¶ 64) and were the subject of a joint exhibit.  The allegations in paragraph 32 follow from Alpine's stipulation that it moved remaining customer accounts into state escheatment accounts, deeming them abandoned (Ex. 1 ¶ 68).  Notwithstanding Alpine's stipulation, the Alpine Defendants nonetheless, in addition to their qualified denial, "aver that at no time did Alpine transfer the security from the name of the customer."  ECF No. 48 ¶ 3.  The facts to which Alpine stipulated do not support either the Alpine Defendants' qualified denial or their separate averment.  And, as with all of the paragraphs in this section, the Court should reject the Alpine Defendants' untimely qualified denials of these allegations, which are not subject to reasonable dispute, and the

---

[9] The allegations in paragraph 45 similarly refer to and quote an Alpine customer communication, in response to which the Alpine Defendants admitted the allegations.

allegations should be deemed admitted.

The allegations set forth above should never have been denied (whether those denials are qualified or not).  Worse, the Alpine Defendants denied (or, in any event, did not admit) these allegations until nearly a third of the discovery period had passed.  If the Alpine Defendants' belated denials and non-admissions are allowed to stand, the SEC will be forced to expend time and resources on discovery into facts that are not subject to reasonable dispute.  Accordingly, the SEC respectfully requests that the Court deem admitted the allegations discussed above—Complaint paragraphs 14, 15, 16, 17, 18, 19, 20, 22, 26, 30, 31, 32, 33, 41, 42, 43,  44, 46, 47, and 48.

* * *

In sum, because the Alpine Defendants' Answer was untimely filed without first seeking and receiving leave of the Court in accordance with the Federal Rules of Civil Procedure, the Local Rules of Procedure, and this Court's Chambers Practices, the SEC respectfully requests that the Court refuse to consider the untimely Answer unless and until the Alpine Defendants' comply with the rules governing late-filed pleadings and file a motion establishing good cause and excusable neglect.  In addition, the SEC respectfully requests that the Court strike or preclude the Alpine Defendants' affirmative defenses, deem the allegations in the paragraphs discussed above admitted, and grant such other relief as the Court may deem just and equitable under the circumstances.

Respectfully submitted this 6th day of November, 2023.

SECURITIES AND EXCHANGE COMMISSION

_s/ James P. McDonald_
Ian J. Kellogg
James P. McDonald
Admitted pursuant to LR IA 11-3
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, Colorado 80294
(303) 844-1000
kelloggi@sec.gov
mcdonaldja@sec.gov

*Attorneys for Plaintiff Securities and Exchange Commission*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Court on November 6, 2023, through the CM/ECF system, which will electronically notify all counsel of record and pro se parties authorized to receive electronic notifications.

*s/ James P. McDonald*
Securities and Exchange Commission