William E. Peterson, Bar No. 1528
wpeterson@swlaw.com
Janine C. Prupas, Bar No. 9156
jprupas@swlaw.com
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, NV 89501
Telephone: (775) 785-5440
Facsimile: (775) 785-5441

Maranda E. Fritz
maranda@fritzpc.com
Maranda Fritz PC
521 Fifth Avenue
New York, New York 10175
Telephone: 646 584-8231
(Pro Hac Application to be filed)

*Attorneys for Defendant Alpine Securities Corp. and Joseph Walsh*

Snell & Wilmer L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ALPINE SECURITIES CORPORATION, CHRISTOPHER DOUBEK, and JOSEPH WALSH,

Defendants.

Case No. 2:22-cv-01279-RFB-VCF

**ALPINE'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendants Alpine Securities Corporation ("Alpine") and Joseph Walsh ("Walsh"), by and through undersigned counsel, hereby respond to Plaintiff's "motion to compel" and its application to preclude affirmative defenses and deem certain allegations as admitted.

**Background**

This action was initially filed in August of 2022 [Doc. 1: Complaint] after which Defendants filed Motions to Dismiss the Complaint approximately a year ago, on October 18, 2022 [Doc 14: Defendants' Motions to Dismiss]. In August 2023, the court conducted oral argument and, during

the course of that proceeding, denied the Defendants' motions [Doc. 39: Minutes; see also 9/22/23 Doc. 43: Transcript]. On October 16, 2023, Alpine filed its Answer. [Doc. 48: Answer]. On October 20, 2023, defendant Doubek filed a Response [Doc. 50: Response to Complaint].

On or about October 25, 2023, the parties conferred regarding the filing and the contents of the Answer. Plaintiff during that call stated objections to the form of Alpine's denials and its assertion of affirmative defenses. Alpine sought to confer further regarding Plaintiff's objections but Plaintiff, after sending an email on November 1, 2023, then proceeded with the filing of this motion. See Pl. Mem. at n.7.

## Argument

### A. Plaintiff's Motion to Compel Should be Denied

Plaintiff confirms in its motion that it is *not* moving for default, *nor* has it moved to strike the Answer, *nor* is it arguing that it has suffered any prejudice from the delay in the filing of the Answer. Nonetheless, it has filed this "motion to compel" seeking to require that Defendants file a motion for leave to file its Answer. As discussed below, Plaintiff's motion is inconsistent with procedure, law and logic.

#### 1. Plaintiff Has Failed to Comply with the Requirements for a Motion to Compel

> Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests.

*Petrillo v. Pinnacle Servs.,* 2023 U.S. Dist. LEXIS 36606, at *1. *8-9 (D. Nev. Mar. 3, 2023) (quoting *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (citations and internal quotations omitted)).

Consistent with the courts' interest in ensuring that parties raise with the court only matters that "truly implicate significant interests" and that cannot be resolved between the parties, the applicable rules require that a party filing a motion to compel must provide to the Court

> a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party. Fed. R. Civ. P. 37(a)(2)(B). Hence, two components are necessary to constitute a facially valid motion to compel. First is the actual



Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

> certification document. The certification must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute. Second is the performance, which also has two elements. The moving party performs, according to the federal rule, by certifying that he or she has (1) in good faith (2) conferred or attempted to confer. Each of these two subcomponents must be manifested by the facts of a particular case in order for a certification to have efficacy and for the discovery motion to be considered. …
>
> [I]n order to effectuate the underlying policy of the federal rule, a moving party must include more than a cursory recitation that counsel have been "unable to resolve the matter."

*Shuffle Master v. Progressive Games*, 170 F.R.D. 166 (D. Nev. 1996).

Similarly, Local Rule IA1-3(f) requires that "[a] party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention." Local Rules allow "the [C]ourt [to] impose appropriate sanctions under LR IA11-8 for a party's failure to comply with the meet-and-confer requirement... [and] [f]ailure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion."

Here, Plaintiff did not attach a declaration or certification that the meet-and-confer requirements were met.

**2. Plaintiff's Requests for Relief Are Unfounded and Should be Denied**

Plaintiff devotes most of its brief to a discussion concerning procedures relating to the filing of an Answer. (Pl. Mem. at 2-7). In Alpine's view, however, Plaintiff ignores the reality here: the Answer is and remains on file with the Court and the Plaintiff's request for relief is not consistent with that circumstance.

Nor would the process advocated by Plaintiff be productive. While Plaintiff is obviously correct that there are rules and procedures that govern the filing of an Answer, it is equally true that parties often resolve such matters and forego motion practice pertaining to procedural rules

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

where there exists no prejudice and the motion would only unduly occupy the Court's time and attention. In countless instances, over decades of practice, counsel and this Court have seen instances in which such matters are properly resolved between the parties or where a technical or procedural motion is not filed because the party has suffered no prejudice and litigation over the issue would arguably serve only to burden the court. No benefit would flow from Plaintiff's assertion that every failure to fully comply with all rules of procedure, even absent prejudice of any kind, should be presented to the Court.

Here, Plaintiff in fact *agrees* that actions that are not consistent with procedural rules should *not* form the basis for a motion to the Court: Plaintiff confirms that it is not objecting to the late-filed Answer of the co-defendant. It does not argue that it was prejudiced by the timing of that filing nor does it insist that further filings in relation to that Answer would be necessary or appropriate.

Because Plaintiff has suffered no prejudice, because that lack of prejudice is clear from its acceptance of the co-defendant's answer, and because it has not sought the kind of relief that would necessarily precede the filing of a request for leave to file an answer, Defendants ask that Plaintiff's "motion to compel" be denied.

**B. Plaintiff's Motion to Have Allegations Deemed Admitted (Mem. at 8-12) Should be Denied**

Plaintiff complains about Defendants' denial "as phrased" of certain of its allegations and Defendants' referral to documents. Those responses were used because, in multiple instances, Plaintiff refers to a particular document but then paraphrases or characterizes it in ways that do not accurately describe the document and/or suggest a meaning not consistent with Alpine's language or purpose in forwarding the document. As even the Plaintiff acknowledges, the particular paragraphs at issue contain Plaintiff's "summarizing" of Alpine documents. Pl. Mem.at 10-11. Alpine does not deny the fact that the document was sent, nor does Alpine dispute the contents of the documents, but Alpine *does not admit* that the Plaintiff's allegation is an accurate description

Snell & Wilmer L.L.P. LAW OFFICES 50 West Liberty Street, Suite 510 Reno, Nevada 89501 775-785-5440

of the document.

Plaintiff takes the position that Rule 8 provides only "three options for responding to allegations:" either admit, deny or deny knowledge or information. Pl. Mem. at 9. Plaintiff also insists that Alpine is not permitted to refer to the document for its contents rather than debating the Plaintiff's characterization. Pl.Mem. at 10. Notably, Plaintiff does understand that averments may be contained in a response, and it does not appear to object to those even though they are not expressly permitted by the language of Rule 8. Pl.Mem. at 10-11. Nonetheless, Plaintiff argues that Alpine's denials of Plaintiff's allegations is not permitted, and even seeks to have those allegations deemed admitted.

In arguing that Defendants' responses are improper, Plaintiff relies primarily on the Joint Stipulations that were entered in the underlying FINRA proceeding that the SEC is, by this case, rehashing. But in those negotiated Stipulations, the parties did not attempt to paraphrase or characterize the documents and instead properly stipulated to the fact that particular documents were sent and, in some instances, to specific content of the documents.

By way of example, paragraph 14 of the Complaint refers to a letter sent to Alpine customers in February 2019 and alleges that Alpine notified its customers that "***Alpine*** considered securities valued at less than $400 worthless." It then intermixes a series of other snippets from the letter that actually reflect that Plaintiff's characterization is inaccurate. Plaintiff's allegation does not contain the same language that was negotiated and agreed to between the parties in paragraph 58 of the Joint Stipulation nor does it properly characterize the document. In fact, Alpine in that letter did not state that it "considered" securities worthless. It provided a significant quantity of information to the customer that related to whether the stock had value and then told the customer that ***the customer*** could submit a form stating that the securities are "worthless." Thus, while the letter was in fact prepared and sent to customers, it should not be parsed nor should snippets be taken out of context and Alpine is not required to accede to Plaintiff's assertion concerning its content. Alpine therefore denied the allegation not as to the actual document but as to the phrasing of the claim by the Plaintiff.

The same applies to paragraph 15 of the Complaint which refers to a March 15, 2019



Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

communication to customers. Again, that document contained information, explanations and instructions for the customer, but Plaintiff paraphrases and cherry-picks a snippet. And again, Plaintiff's allegation differs in material respects from the language contained in the Joint Stipulations that were the subject of negotiation between the parties in that case. It would not have been appropriate for Alpine to "admit" that the Plaintiff's allegation accurately describes the document when it failed to include the actual content of the document or put the information in context.

With respect to paragraph 16, the Joint Stipulations to which Plaintiff refers contain only the parties' agreement that particular documents were sent to customers. Joint Stip at 38-39. Plaintiff, on the other hand, continues to paraphrase and expurgate the relevant documents in ways that impact the meaning of the document and so Alpine did and could not admit that Plaintiff has properly described the content of the document. As a result, in response to that paragraph and to similar allegations in paragraphs 30. 41-44 and 46-48, Alpine has referred to the document for its contents.

Finally, the SEC claims that Alpine must be forced to restate its responses because otherwise, Plaintiff will "be forced to expend time and resources on discovery into facts that are not subject to reasonable dispute." Pl.Mem. at 12. That contention is baseless. Again, as stipulated to in the underlying FINRA case and as was testified to through weeks of testimony, Alpine did in fact send each of those notices to its customers. But Alpine does not and is not required to agree with Plaintiff's characterizations or extractions. Plaintiff can obviously make its arguments regarding how those documents should be read and interpreted but Alpine's denial of the allegation remains permissible and appropriate.

C. **Defendant Agrees that Authorities Cited by Plaintiff Support the Removal of Certain Affirmative Defenses (Pl.Mem. at 7-8)**

"Although the Ninth Circuit has not ruled on the proper use of a Rule 12(f) motion to strike an affirmative defense, three other circuits have ruled that the motion is disfavored and should only be granted if the asserted defense is clearly insufficient as a matter of law under any set of facts the

Snell & Wilmer L.L.P. LAW OFFICES 50 West Liberty Street, Suite 510 Reno, Nevada 89501 775-785-5440

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

defendant might allege." *McArdle v. A T& T Mobility LLC,* 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal.2009), rev'd on other grounds in *McArdle v. AT&T Mobility, LLC*, 474 Fed. Appx. 515 (9th Cir. 2012). Courts strike affirmative defenses only when clearly warranted by the facts, and "motions to strike should be denied if 'substantial questions of fact appear at the pleading stage.'" *Shenandoah Life Ins. Co. v. Hawes*, 37 F.R.D. 526, 530 (E.D.N.C. 1965); *see also SEC v. Gulf & W. Indus., Inc*., 502 F. Supp. 343, 345 (D.D.C. 1980). *See Garity v. Donahoe*, 2014 U.S. Dist. LEXIS 17912 at *5-6 (D. Nev. Feb. 11, 2014),

The Ninth Circuit has continued to recognize the fair notice standard of affirmative defense pleading even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and courts have declined to extend the plausibility pleading requirements of *Twombly* to affirmative defenses in contravention of persuasive authority in this District. See e.g., *MetroPCS v. A2Z Connection, LLC*, 2019 U.S. Dist. LEXIS 43382, 2019 WL 1244690, at *4 (D. Nev. Mar. 18, 2019).

Here, Plaintiff objects to the inclusion of a series of affirmative defenses including failure to state a claim; lack of jurisdiction; lack of intent to defraud; good faith; and failure to plead fraud with particularity. Pl. Mem. at 7. Plaintiff then asks the Court to strike, and refuse to consider, Alpine's defenses and its reservation of defenses. *Id.* In support of its position, Plaintiff cites to a Nevada decision in which the FTC filed a similar motion and the court struck *three particular defenses*. That authority would support the removal of defenses of failure to state a claim and reservation of defenses but, under the authority cited by Plaintiff, the remaining defenses should remain.. *FTC v. Johnson*, 2013 U.S. Dist. LEXIS 80341, at *40-41 (D. Nev. June 6, 2013) (with respect to affirmative defenses concerning Defendants' ability to alter certain business practices and their lack of approval of alleged misrepresentations, Court denied the request to strike).

/ / /

/ / /

/ / /

Dated: November 20, 2023

SNELL & WILMER L.L.P.

By: /s/ *William E. Peterson*

William E. Peterson, Bar No. 1528
50 West Liberty Street, Suite 510
Reno, Nevada 89501

Maranda E. Fritz
maranda@fritzpc.com
Maranda Fritz PC
521 Fifth Avenue
New York, New York 10175
Telephone: 646 584-8231
(Pro Hac Application pending)

*Attorneys for Defendant Alpine Securities Corporation and Joseph Walsh*

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **ALPINE SECURITIES CORPORATION'S OPPOSITION TO MOTION TO COMPEL** by the method indicated:

XXXXXXX by Court's CM/ECF Program

__________ by U. S. Mail

__________ by Facsimile Transmission

__________ by Overnight Mail

__________ by Federal Express

__________ by Electronic Service

__________ by Hand Delivery

Dated this 20th day of November 2023

By: /s/ *Jeanne Forrest*
An employee of Snell & Wilmer L.L.P.

4877-9502-5042