UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION, CHRISTOPHER DOUBEK, and JOSEPH WALSH,<br><br>    Defendants. | Case No. 2:22-cv-01279-RFB-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), 5 U.S.C. § 552a(b)(11), and the Stipulated Discovery Plan and Scheduling Order ¶ 13(a) (ECF No. 41), and upon a showing of good cause in support of the entry of this Stipulated Protective Order to protect the production, discovery, and dissemination of nonpublic confidential information and/or sensitive data or records, including but not limited information that may be subject to the provisions of the Privacy Act of 1974,

IT IS HEREBY ORDERED that:

A. This Stipulated Protective Order shall apply to all documents, materials, and/or information produced in the course of discovery by the parties or any third parties, including electronic discovery, answers to interrogatories, responses to requests for admission or production, all documents or information produced in response to Fed. R. Civ. P. 45 subpoenas, all material produced through informal discovery, all deposition testimony and deposition exhibits, and all materials produced to the Securities and Exchange Commission ("SEC") in the course of its investigation into the conduct at issue in this lawsuit and for which confidential treatment was requested at the time of production.

B. The parties, or a third party responding to requests for documents in this litigation, may, in good faith, designate documents or information as "Confidential." Confidential information

includes that which counsel for the designating party or third party determines, in good faith, may be protected by statute, regulation, or other authority, including confidential bank or brokerage account information, trade secrets, confidential governmental or law enforcement information, proprietary or non-public research and development records, customer, business, commercial, or financial information, sensitive personal information, social security or taxpayer identification numbers, credit records, or other personally identifiable information protected by the Privacy Act.

   C. The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "Confidential." Alternatively, a party may designate material "Confidential" in a letter or other written communication to the receiving party(ies) specifying the information to be so designated. A party or third party may designate material as "Confidential" only when such person in good faith believes it contains confidential information as described above.

   D. Portions of depositions may be deemed confidential if they are included within the categories of Confidential information set forth above and are designated as such when the deposition is taken or within 30 days after receipt of the transcript. Any testimony which describes a document which has been designated as "Confidential," as described above, shall also be deemed to be designated as "Confidential."

   E. Unless ordered by the Court, or otherwise provided for herein, all documents and other materials designated as "Confidential" will be held and used by the person receiving such information solely for use in connection with this action. However, nothing in this Order shall prevent the SEC from complying with its obligations under law concerning disclosure of documents, including but not limited to its published Routine Uses of Information in Forms 1661 and 1662, the Freedom of Information Act, and any other statutes or rules applicable to the SEC, or

interfere with the SEC's use of information for law enforcement activities and to otherwise regulate, administer, and enforce the federal securities laws.

  F. If the parties, or any third party producing materials in response to a request related to this civil action, disclose(s) a document or information that would otherwise be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, this Stipulated Protective Order shall constitute an order of the Court which allows for such disclosure.

  G. In the event a party or third party challenges another party's or third party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court consistent with this Court's Local Rules of Practice and the Federal Rules of Civil Procedure.  Nothing in this Stipulated Protective Order operates as a waiver of any claim or defense in this Action or to create an admission by any party that confidential information disclosed in this case is or is not (i) confidential, (ii) privileged, (iii) discoverable, (iv) relevant, or (v) admissible in evidence at trial. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and Court rules.

  H. Subject to paragraph (E) above, information or documents designated as "Confidential" shall not be disclosed to any person, except:

    1. the parties and counsel of record;

    2. employees of such counsel assigned to and necessary to assist in this action;

    3. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire to assist in this action;

    4. mock jurors and related service providers;

    5. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

        6.    any deponent and stenographers and videographers engaged to transcribe depositions the parties conduct in this action;

        7.    consultants or experts to the extent deemed necessary by counsel;

        8.    any person who counsel for a party in good faith believes may be called to testify at trial or deposition in this action (as well as counsel for such person), except that such a person may only be shown that confidential information during and in preparation for his/her testimony and may not retain the confidential information;

        9.    the Court or the jury at trial or as exhibits to motions; and

        10.    any other person to whom the parties have agreed in writing that disclosure may be made or to whom disclosure has been authorized by order of the Court.

I.    Subject to paragraph (E), above, prior to disclosing or displaying Confidential Information to any person, counsel shall:

        1.    inform the person of the confidential nature of the information or documents; and

        2.    inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than in connection with this action and has enjoined the disclosure of that information or documents to any other person except as permitted by this Stipulated Protective Order.

J.    Subject to paragraph (E), above, confidential information may be displayed to and discussed with the persons identified in Paragraphs (H)(4) and (8), above, only on the condition that, prior to any such display or discussion, each such person shall be asked to agree to be bound by this Order.  In the event such person refuses to agree to be bound by this Stipulated Protective Order, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

K.     For the purpose of Paragraph (H)(9), above, any documents which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion and in accordance with applicable law.  Documents may be filed under seal only as provided in LR IA 10-5.  This Stipulated Protective Order does not provide for the automatic sealing of any documents nor does it alter or modify the applicability of Rule 5.2 of the Federal Rules of Civil Procedure.  In the event counsel for any party determines to file with the Court documents containing any confidential information and the party that produced the confidential information does not consent in writing to public filing of that confidential information, any confidential information filed with the Court shall be redacted in accordance with Rule 5.2 of the Federal Rules of Civil Procedure or filed under seal and accompanied by a motion pursuant to LR IA 10-5.  For the avoidance of doubt, this Stipulated Protective Order does not restrict disclosure of materials from which the Confidential Information has been redacted.

L.     This Stipulated Protective Order is entered without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

M.     Nothing in this Order shall be construed to affect the use of any document, including any document designated as Confidential, at any trial or hearing.

N.     Within 60 days of the final disposition of this action, including all appeals, all recipients of confidential information other than the Court must either return it, including all copies thereof, to the producing party, or destroy such material, including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the producing party that affirms that it has not retained any copies, abstracts,

compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain confidential information. Any such archival copies that contain or constitute confidential information remain subject to this Order.

      O.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom confidential information is produced or disclosed.

      P.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 27, 2023