Ian J. Kellogg
James P. McDonald
Admitted pursuant to LR IA 11-3
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, Colorado 80294
(303) 844-1000
kelloggi@sec.gov
mcdonald.ja@sec.gov

*Counsel for Plaintiff Securities and Exchange Commission*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION, CHRISTOPHER DOUBEK, and JOSEPH WALSH,<br><br>Defendants. | Case No. 2:22-cv-01279-RFB-VCF<br><br>**REPLY IN SUPPORT OF MOTION [54]** |

The Court should grant the SEC's motion seeking relief for the Alpine Defendants' failure to comply with the Federal Rules of Civil Procedure with respect to the timing and contents of their Answer. ECF No. 54. The Alpine Defendants do not dispute any of the predicates for the SEC's motion: (1) that they filed their Answer seven weeks after the deadline; (2) that the applicable Federal, Local, and Court rules of procedure and practice required them to file a motion seeking leave to file their Answer out of time, demonstrating good cause and excusable neglect; (3) that a motion is necessary to trigger the Court's discretion to consider an untimely filing; (4) that they filed their untimely Answer without the required motion; (5) that, as to Answer's contents, Rule 8 does not provide for qualified denials of allegations "as phrased" or refusals to respond to allegations about documents by referring to their contents; or (6) that the Court has the authority to

award the relief requested by the SEC, either to remedy the late filing made without the required motion or because the Answer itself fails to comply with Rule 8's pleading requirements.

Despite not disputing its premises, the Alpine Defendants nonetheless argue that the SEC's motion should be denied. *See* ECF No. 55 ("Opposition," or "Opp."). Not only do the Alpine Defendants oppose the motion, but, notwithstanding their own refusal to take corrective action—such as filing a motion for leave to answer out of time, acknowledging their tardiness, seeking to show good cause and excusable neglect, and complying with Rule 8's pleading requirements—the Alpine Defendants fault the SEC for filing its motion in the first place, arguing that the Alpine Defendants' failure to comply with the Federal and Local Rules should never have been brought to the Court's attention. As explained below, the SEC respectfully disagrees with the Alpine Defendants' decision not to comply with the applicable rules, or acknowledge or correct this failing, and their arguments opposing the SEC's motion are unpersuasive. Accordingly, the Court should award the requested relief, including: (1) refusing to consider the Alpine Defendants' untimely Answer until they demonstrate good cause and excusable neglect; (2) striking or refusing to consider the Answer's untimely defenses, relief to which the Alpine Defendants concede the SEC is at least partially entitled; and (3) deeming the allegations in certain paragraphs—many of which the Alpine Defendants did not address—admitted.

**I. The SEC Met and Conferred with the Alpine Defendants Before Filing its Motion.**

The Alpine Defendants first oppose the SEC's motion on the ground that the SEC did not properly document the parties' pre-motion meetings and conferrals. Opp. at 2-3. In support of this argument, the Alpine Defendants cite a discussion of Federal Rule of Civil Procedure 37, which requires a certification of pre-motion conferral efforts for certain discovery motions. Opp. at 2 (citing *Shuffle Master v. Progressive Games*, 170 F.R.D. 166 (D. Nev. 1996) (discussing "Rule 37 of the Federal Rules of Civil Procedure")). But the SEC did not file a discovery motion, and the Alpine Defendants cite no authority suggesting, much less mandating, that Rule 37's certification requirement applies here. The Alpine Defendants also cite to Local Rule IA1-3(f), which provides that "[a] party who files a motion *to which the meet-and-confer requirement applies*" must submit a declaration with certain information about the parties' conferral. *Id.* (emphasis added). But, like

Federal Rule 37, this rule of documentation applies to discovery motions, LR 26-6(c) (discovery motions in civil cases); LCR 16-1(c) (discovery motions in criminal cases), and other specified motions not presently before the Court, *see, e.g.*, LR 7-4(a)(3) (emergency motions); LR 16-3 (motions in limine); LPR 1-3 (requests to modify rules in patent cases); LCR (trial-related motions outside the scope of LCR 12-1(b) in criminal cases). Notably, notwithstanding their citation to the Rule, the Alpine Defendants never actually assert that Local Rule IA1-3(f) applies to the SEC's motion. For this reason alone, the Court should reject the Alpine Defendants' conferral arguments.

More importantly, the SEC did in fact meet and confer with counsel for the Alpine Defendants before filing its motion. *See* ECF No. 54 at 4, 8-9 & n.7 (discussing the parties' pre-motion conferrals). The Alpine Defendants do not claim otherwise: the Alpine Defendants do not dispute that the SEC met and conferred with them before filing its motion; the Alpine Defendants do not dispute that those conferral efforts were documented in the SEC's motion; and the Alpine Defendants do not dispute that those meet-and-confer efforts were adequate. When the Defendants failed to answer by the deadline set forth in the Federal Rules, the SEC emailed Doubek and counsel for the Alpine Defendants, noted that their answers had not been filed and that they were technically in default, and offered to meet and confer. Following the SEC's outreach, and without any further conferral, the Alpine Defendants filed their Answer without a motion for leave to file out-of-time demonstrating good cause and excusable neglect. *See* ECF No. 48. Three days later, on October 19, 2023, the SEC emailed counsel for the Alpine Defendants, raising both the failure to file the required motion and the Answer's improper contents, and asking to meet and confer.

The parties conferred by telephone on October 25, 2023. During that call, counsel for the Alpine Defendants did not dispute that their Answer was untimely or that they failed to file the required motion. *See* ECF No. 54 at 4. But they did not offer or agree to take any corrective action, such as asking the Court to accept their out-of-time Answer—a request in which they would have had to acknowledge missing the deadline and seek to show good cause and excusable neglect. Instead, the Alpine Defendants took the position that there was nothing they (or the Court) would do. The SEC respectfully disagrees with the Alpine Defendants' approach, and because the parties

were unable to reach a resolution, the motion presently before the Court followed.[1]

As to the contents of the Answer, the SEC first raised the issues that were the subject of its motion by email on October 19, three days after the Answer was filed. During the parties' October 25 conferral, the Alpine Defendants were not prepared to engage substantively, stated that they disagreed generally, and asked for more information. At the Alpine Defendants' request, on November 1, 2023, the SEC sent a list of the paragraphs that the Alpine Defendants had denied "as phrased," as well as those paragraphs as to which their denials or non-admissions appeared to contradict the contents of documents and prior admissions. Because November 6 was the Rule 12(f) deadline for motions to strike—among other relief, the SEC sought to strike the Alpine Defendants' affirmative defenses—the SEC asked the Alpine Defendants to respond by November 3, the last business day before the deadline. The Alpine Defendants did not respond by November 3, or at any time since.[2] The Court should reject the Alpine Defendants' meet-and-confer arguments.

**II. The Alpine Defendants' Late-filed Answer with Improper Denials Prejudices the SEC.**

Next, the Alpine Defendants argue that the SEC's motion should be denied because the SEC did not suffer any prejudice from the Alpine Defendants' late-filed Answer. The Alpine Defendants

---

[1] To be clear, the SEC agrees with the Alpine Defendants that not "every failure to fully comply with all rules of procedure, even absent prejudice of any kind, should be presented to the Court." Opp. at 4. (The SEC did not, for example, raise Alpine Defendants' untimely *pro hac vice* motion, *compare* ECF No. 16 *with* ECF Nos. 29, 33, which necessitated vacating and re-setting the hearing on Defendants' motions to dismiss, ECF Nos. 30, 31.) But that does require the SEC to simply acquiesce to the Alpine Defendants' refusal to "fully comply" with the applicable rules—whether those rules are "procedural," "technical," or otherwise, *see* Opp. at 4—particularly where the rules *required* the Alpine Defendants to report their non-compliance by means of a motion setting forth good cause and excusable neglect. Indeed, the irony of the Alpine Defendants' conferral complaints—complaints that, to be clear, are about the *form of the memorialization* of the parties' conferrals, not their substance—is that if the Alpine Defendants had followed the required procedures for seeking leave to file their Answer out of time, they would have been required to confer with the SEC. Thus, by failing to comply with the rules governing filings out of time, the Alpine Defendants avoided both filing a motion and the attendant pre-motion conferral obligations.

[2] The SEC made clear during the parties' October 25 conferral, that while it was willing to continue conferring with respect to the contents of the Answer, the SEC would not miss the November 6 filing deadline (as a result of unresolved conferrals, or otherwise). The Alpine Defendants' failure even to acknowledge receipt of the SEC's follow-up conferral email, much less respond to its substance, belies their assertion that "Alpine sought to confer further regarding Plaintiff's objections." Opp. at 2.

are mistaken. As an initial matter, the Alpine Defendants do not dispute that, by unilaterally extending their deadline, the Alpine Defendants effectively granted themselves a portion of the stay they sought from the Court and the Court denied. ECF No. 54 at 5 (arguing same). The duration of that self-awarded partial stay extended for nearly a third of the discovery period. *See id.* at 12. And, only then, in their untimely Answer, did the Alpine Defendants assert improper affirmative defenses and qualified denials and deny allegations not subject to reasonable dispute, and into which, therefore, no discovery should be necessary. *Id.* at 8-12. For that reason, the Alpine Defendants' claim that the absence of prejudice is shown by the SEC not having sought relief with respect to Doubek's untimely answer, Opp. at 4 (arguing that "lack of prejudice is clear from its acceptance of the co-defendant's answer"), is misplaced. Unlike the Alpine Defendants, Doubek *admitted* the allegations in the SEC's Complaint and *did not assert any affirmative defenses*. *See* Mot. at 3 n.2 (explaining same); *see also* ECF No. 50 (Doubek Answer). The Alpine Defendants' tardy filing, by contrast, raised improper affirmative defenses and qualified denials, necessitating additional and unanticipated issues for discovery after more than a third of the discovery period had elapsed.

**III. The Court Can and Should Award the Requested Relief.**

**A. The Alpine Defendants concede that at least some of their "affirmative defenses" are improper and should be stricken.**

Turning to the requested relief, the SEC asks the Court strike or refuse to consider the Alpine Defendants' affirmative defenses. ECF No. 54 at 7-8. The Alpine Defendants concede that this relief is appropriate as to their assertion of failure to state a claim and reservation of defenses. Opp. at 7. As to their remaining so-called affirmative defenses—lack of personal jurisdiction, good faith, lack of intent to defraud and no property deprivation, no alteration or deprivation of ownership in property, lack of entitlement to injunctive relief, monetary claims barred, and failure to plead fraud with particularity—the Alpine Defendants argue they should "remain" because they were not stricken in *FTC v. Johnson*, one of the cases cited in the SEC's motion. Opp. at 7 (citing *FTC v. Johnson*, 2013 U.S. Dist. LEXIS 80341, at *40-41 (D. Nev. June 6, 2013)). This argument misses the mark. As explained in the SEC's motion—citing authorities in addition to *Johnson*—the

"affirmative defenses" listed by the Alpine Defendants are not, in fact, affirmative defenses: an affirmative defense (a true affirmative defense) precludes liability even if a plaintiff proves all of the elements of its claims; the Alpine Defendants' "affirmative defenses," by contrast, are various forms of denials or attacks on the SEC's ability to prove the affirmative elements of its case. *See* ECF No. 54 at 6-8 & n.5. Because they are not in fact affirmative defenses—a point the Alpine Defendants do not dispute—all of the so-called affirmative defenses set forth on pages 5-6 of the Alpine Defendants' Answer should be stricken.

The Alpine Defendants also did not respond to, or dispute, the SEC's argument that their assertion of personal jurisdiction as a defense should be stricken on the additional ground that they waived personal jurisdiction by filing a Rule 12 motion that did not raise that defense. ECF No. 54 at 8. The Alpine Defendants' "failure to respond to that argument constitutes waiver." *Hurry v. FINRA*, 782 F. App'x 600, 602 (9th Cir. 2019); *see also, e.g.*, *Henderson v. Saul*, No. 2:19-cv-00028-NJK, 2020 WL 774360, at *3 n.2 (D. Nev. Feb. 18, 2020) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (internal quotation omitted).

**B. The Court Should Deem Certain Allegations Admitted.**

The SEC also asked the Court to deem the allegations in certain paragraphs of the Complaint—14, 15, 16, 17, 18, 19, 20, 22, 26, 30, 31, 32, 33, 41, 42, 43, 44, 46, 47, and 48—admitted. ECF No. 54 at 8-12. The SEC sought this relief to remedy *both* the Alpine Defendants' (1) untimely Answer filed without following the requisite motion, and (2) failure to comply with the pleading requirements of Rule 8, in particular (a) by denying certain allegations "as phrased," (b) by "refer[ring] to" the contents of documents in response to allegations about them, and (c) denying allegations not subject to reasonable dispute. *See id.* at 2, 4-6, 8-12.

The Alpine Defendants do not dispute that the Court can award the relief of deeming certain allegations admitted on either (or both) of the grounds requested by the SEC. Nor do the Alpine Defendants dispute that denying allegations "as phrased" or responding to allegations by referring to the contents of documents (as opposed to admitting or denying allegations about the contents of

documents) are both impermissible under Rule 8.

To be sure, the Alpine Defendants attempt to *explain* their reliance on these improper responses. *See* Opp. at 4. The Alpine Defendants argue that "in multiple instances," the SEC "refers to a particular document but then paraphrases or characterizes it in ways that do not accurately describe the document and/or suggest a meaning not consistent with Alpine's language or purpose in forwarding the document." *Id.*; *see also id.* ("Alpine does not deny the fact that the document was sent, nor does Alpine dispute the contents of the documents, but Alpine *does not admit* that the Plaintiff's allegation is an accurate description of the document."). But even if the Court were to accept the Alpine Defendants' explanation, that would not justify the use of responses that do not comply with Rule 8.

Nor, in any event, does the Alpine Defendants' purported justification survive closer scrutiny. First, the Alpine Defendants' explanation refers only to a subset of the allegations addressed in the SEC's motion—those that "refer[] to a particular document." Opp. at 4. As the SEC explained in its motion, the Alpine Defendant utilized the improper qualified denial "as phrased" in response to 17 paragraphs, ECF No. 54 at 9 (identifying same), and improperly responded to 11 paragraphs (some, but not all of which, were also denied "as phrased") by referring to the contents of documents, *id.* at 10 (identifying same). The Alpine Defendants' explanation addresses (at most) only the latter, offering no response with respect to the allegations in the nine paragraphs—17, 18, 19, 20, 22, 26, 31, 32, and 33—to which the Alpine Defendants responded by denying the allegations "as phrased" without reference to documents.

Second, the Alpine Defendants' explanations confirm their failure to fairly respond to the substance of the SEC's allegations. As discussed in the SEC's motion, "[a] denial must fairly respond to the substance of the allegation," Fed. R. Civ. P. 8(b)(2), and "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest," *id.* 8(b)(4); *see also* ECF No. 54 at 9-10. The Alpine Defendants did not respond, and their qualified denials and refusals to address allegations about the contents of documents neither fairly respond to the substance of the allegations nor admit portions of allegations that are true.

This is illustrated by reference to the only three paragraphs—14, 15, and 16—discussed in

the Alpine Defendants' Opposition. Opp. at 5-6.[3] As explained below, the SEC accurately quoted from the documents referenced in each paragraph, and the Alpine Defendants do not claim otherwise. While the Alpine Defendants resist admitting to allegations about the contents of the referenced documents on the ground that the SEC did not reproduce them in full, or that there is some, unspecified "context" missing, those are not bases for denials. The SEC has accurately quoted from and summarized documents the content and authenticity of which the Alpine Defendants do not dispute, and, because the substance of these allegations cannot be denied, the Federal Rules required the Alpine Defendants to fairly respond to, and admit, them. Otherwise—as evidenced by the Alpine Defendants' explanations—the Alpine Defendants' Answer leaves the SEC and the Court guessing as to what is actually in dispute, necessitating more discovery.[4]

In paragraph 14, the SEC alleged as follows:

> In February 2019, Alpine notified customers that Alpine considered securities positions valued at less than $400 "worthless." Alpine's February 2019 monthly brokerage statements included a letter dated February 28, 2019, stating that customers should contact the firm via email to instruct Alpine how to close their accounts and that if direct instructions were not received by May 1, 2019, Alpine would liquidate positions to cover fees. The letter stated that for positions worth less than $400, customers should "submit a Worthless Securities Form found on our website . . . . Positions worth less than $400 or have [sic] no active trading market, liquidation may incur greater fees and commissions than the position value." The letter was prepared by Doubek and Walsh in their official capacities at Alpine.

ECF No. 1 ¶ 14. In its untimely Answer, Alpine responded with a qualified denial and referred to the contents of the referenced document: "Alpine Defendants deny the allegations of paragraph 14 as phrased, admit that Alpine sent a series of communications to its customers, and refer to the document for its contents." ECF No. 48 ¶ 14. In its Opposition, the Alpine Defendants appear to

---

[3] Alpine also made passing reference to "similar allegations in paragraphs 30[,] 41-44 and 46-48." Opp. at 6. "Such undeveloped arguments are similarly waived." *Henderson*, 2020 WL 774360, at *3 n.2 (D. Nev. Feb. 18, 2020); *see also id.* ("[B]ald assertions supported by little if any analysis do not assist the reviewing Court in evaluating the issues on appeal.") (internal quotation omitted).

[4] The Alpine Defendants argue that the SEC's contention that their untimely responses that do not comply with Rule 8's pleading requirements will require the parties (and likely the Court) to expend additional time and resources on discovery is "baseless." Opp. at 6. The fact that the Alpine Defendants cannot adequately explain or justify their denials of the paragraphs identified in the SEC's motion—as well as the parties' lengthy discussion of the responses to just three paragraphs, *see* Opp. at 4-6, *infra* at 8-11—undermines this argument.

attempt to justify this response by arguing that Alpine did not consider securities valued at less than $400 as worthless or communicate this to its customers. Opp. at 5. If that were indeed the basis for its response, then the appropriate, Rule 8-compliant response would have been to deny that Alpine notified its customers that it considered securities valued at less than $400 as worthless but otherwise admit the allegations. But that is not how the Alpine Defendants responded, and for good reason: there is no good faith basis for such a response.

Alpine indisputably considered positions valued at less than $400 to worthless and communicated that information to its retail customers, including in the communication referenced and quoted in paragraph 14. In the stipulations attached to the SEC's motion—which, according to the Alpine Defendants, contain "language that was negotiated and agreed to between the [Alpine and FINRA]," Opp. at 5—Alpine agreed to eight specific paragraphs concerning "Alpine's Purchase of Securities ***It Deemed Worthless***." ECF No. 54-1 at 9 (emphasis added); *see also id.* ¶ 62 ("Alpine removed positions worth $1,500 or less from customer accounts on the ground that ***Alpine had deemed those positions worthless***.") (emphasis added); *id.* ¶ 63 ("Alpine moved the customer positions ***it had deemed worthless*** into a proprietary Firm account.") (emphasis added). Alpine also communicated the fact that it considered securities valued at less than $400 to be worthless to its customers, stating, *inter alia*, "[p]ositions worth less than $400 or have [sic] no active trading market, liquidation may incur greater fees and commissions than the position value." ECF No. 1 ¶ 14; *see also* ECF No. 54-1 ¶ 58 (quoting same).[5] The SEC accurately quoted from this

---

[5] To the extent that the Alpine Defendants mean to suggest that Alpine's customers, not Alpine, decided whether positions with trading values of less than $400 were worthless, *see* Opp. at 5 (arguing that the letter "provided a significant quantity of information to the customer that related to whether the stock had value and then told ***the customer*** that the customer could submit a form stating that the securities are 'worthless'") (emphasis in original), this suggestion is false. The pertinent portion of this letter, addressing worthless securities, says, in its entirety:

> ***Positions Worth Less than $400***: Please submit a Worthless Securities Form found on our website to the email above and request account closure once the worthless security is processed. For positions worth less than $400 or have no active trading market, liquidation may incur greater fees and commissions than the position value.

In the Complaint, the SEC accurately quoted Alpine's letter, including that it directs customers whose securities have trading values less than $400 to submit worthless securities forms. To the extent the Alpine Defendants mean to deny responsibility for deeming (or considering) securities of certain values worthless, this is a manufactured dispute that will require additional discovery.

communication, and the Alpine Defendants do not claim otherwise. There is, in short, no good faith basis for the Alpine Defendants' refusal to admit to the allegations in this paragraph, and their response—denying the allegations "as phrased" and referring to the contents of documents—fails to respond to the substance of the SEC's allegations.

The Alpine Defendants' stated issue with paragraph 15 fares no better. The SEC alleged:

> On March 15, 2019, Alpine sent certain customers with positions worth less than $400 a letter entitled "NEGATIVE RESPONSE WORTHLESS SECURITY LETTER" stating that "[a]ll your shares of the security listed above will be sold to our 'worthless securities account' for $0.01 proceeds" unless the customer objected by signing an objection and mailing it to Alpine. Several customers completed the objections. The letter was prepared by Walsh and reviewed and approved by Doubek in their official capacities at Alpine.

ECF No. 1 ¶ 15. The Alpine Defendants responded by reference to the document, and without addressing the substance of the allegation: "Alpine Defendants admit that it sent to customers a Negative Response Letter and refers to the letter for its contents." ECF No. 48 ¶ 15. To begin with, the Answer does not respond to the allegations concerning the letter's preparation by Doubek and Walsh or the responses from Alpine customers. By operation of Rule 8, those allegations are therefore deemed admitted. *See* Fed. R. Civ. 8(b)(6) (allegations that are not denied are admitted). As to the allegation about the contents of the letter—which the Alpine Defendants likewise did not deny, but which they refused to admit—the Alpine Defendants appear to argue that they may properly refuse to admit such allegations because the SEC did not quote the entire document and did not include some (unspecified) "context." Opp. at 6 ("It would not have been appropriate for Alpine to 'admit' that the Plaintiff's allegation accurately describes the document when it failed to include the actual content of the document or put the information in context."). That does not fairly respond to the substance of the allegations. Indeed, if the Alpine Defendants were correct that allegations could be denied (or not admitted) in such circumstances, no defendant would ever have to admit an allegation about the contents of a document unless the entire document was replicated, and no defendant would ever have to admit *any* allegation (document-related or not) if the defendant claimed that some, unspecified "context" was missing. That is not the law.[6]

[6] As for context, the Alpine Defendants are free to provide it—whether at summary judgment or

The Alpine Defendants' response to paragraph 16 follows the same pattern. In paragraph 16, the SEC alleged as follows:

> Alpine's March and April 2019 monthly brokerage statements also included letters, dated March 31, 2019 and April 30, 2019, respectively, stating that customers should contact the firm via email to instruct Alpine how to close their accounts and that if direct instructions were not received, Alpine would liquidate positions to cover fees. The letters also provided that for positions worth less than $400, customers should "submit a Worthless Securities Form found on our website . . . positions worth less than $400 or have [sic] no active trading market, liquidation may incur greater fees and commissions than the position value." These letters were prepared by Doubek and Walsh in their official capacities at Alpine.

ECF No. 1 ¶ 16. The Alpine Defendants belatedly answered as follows: "Alpine Defendants admit that, during the entire period August 2018 through June 2019, it sent notices to customers disclosing and explaining certain actions that it was taking and refer to those notices for their contents." ECF No. 48 ¶ 16. Again, the Alpine Defendants did not respond to the allegation regarding the letters' progeny, which is therefore admitted. Fed. R. Civ. P. 8(b)(6). As to the allegations concerning the letters that Alpine sent to customers, the Alpine Defendants do not and could not claim that the SEC's quotations from or summaries of those documents are inaccurate. Instead, they argue that the SEC "continues to paraphrase and expurgate the relevant documents in ways that impact the meaning of the document and so Alpine did and could not admit that Plaintiff has properly described the content of the document." Opp. at 6. It is unclear what this means. The Alpine Defendants never address how or in what way the SEC's quotations from and summaries of letters written by Alpine "impact[ed] the meaning of the document." And this omission is telling: where, as here, the substance of the allegation cannot in good faith be denied, the Federal Rules of Civil Procedure require that it be admitted.

Based on the Alpine Defendants' failure to comply with the Rule 8 concerning the substance of their Answer, and their failure to comply with Rule 6 (and its local counterparts) with respect to the timing and motion required to file their Answer, the SEC respectfully requests that the Court

---

otherwise—but Rule 8 requires that their Answer fairly respond to the SEC's allegations by admitting them, denying them, or stating that they lack knowledge or information sufficient to form a belief about their truth.

deem those allegations set forth in the SEC's motion admitted. Awarding this relief will save the unnecessary time and expense of discovery into matters that are not subject to reasonable dispute and allegations that should never have been denied, much less with responses that do not comply with Rule 8 in an Answer filed seven weeks after the deadline and without the required motion.

* * *

For the foregoing reasons, and those set forth in the SEC's motion, the SEC respectfully requests that the Court require the Alpine Defendants comply with the rules governing late-filed pleadings, strike or preclude the Alpine Defendants' affirmative defenses, deem certain allegations admitted, and grant such other relief as the Court deems just and equitable under the circumstances.

Respectfully submitted this 27th day of November, 2023.

SECURITIES AND EXCHANGE COMMISSION

*s/ Ian J. Kellogg*

Ian J. Kellogg
James P. McDonald
Admitted pursuant to LR IA 11-3
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, Colorado 80294
(303) 844-1000
kelloggi@sec.gov

*Attorneys for Plaintiff Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Court on November 27, 2023, through the CM/ECF system, which will electronically notify all counsel of record and pro se parties authorized to receive electronic notifications.

*s/ Ian J. Kellogg*
Securities and Exchange Commission