# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>                              Plaintiff,<br><br>vs.<br><br>Alpine Securities Corporation, *et al*,<br><br>                              Defendants. | 2:22-cv-01279-RFB-VCF<br><br>**Order granting the motion to compel in part (ECF No. 54), vacating hearing (ECF No. 59), denying the motion to continue (ECF No. 60) as moot.** |

The defendants Alpine Securities Corporation and Joseph Walsh filed their answer, which the plaintiff United States Securities and Exchange Commission argues is untimely. The plaintiff states that it is not moving for default or to strike the answer. Plaintiff instead filed a motion to compel defendants Alpine and Walsh to file a motion for leave to file its answer. ECF No. 55. Intermingled in their motion to compel, plaintiff also asks the court to strike Alpine and Walsh's affirmative defenses.[1]

I grant plaintiff's motion to compel in part: Alpine and Walsh agree in their response to removing two affirmative defenses. ECF No. 55 at 6. Given the defendants' concession, I grant this portion of the motion to compel, and I order that Alpine and Walsh's affirmative defenses of failure to state a claim and reservation of defenses be stricken from their answer. I deny the rest of the motion to compel because (1) the plaintiff admits that it has suffered no prejudice and (2) plaintiff's procedural posture (moving for an order from the court to compel plaintiff to file a motion) is not supported by the rules. Since I decide this motion now, I vacate the hearing. ECF No. 59. I deny defendant Alpine Securities Corporation's motion[2] to continue the hearing date (ECF No. 60) as moot.

---

[1] Instead of filing two separate motions, plaintiff filed a single motion asking for two different types of relief, in violation of Local Rule IC 2-2(b).

[2] Alpine filed a motion to continue the hearing until after the holidays, because plaintiff's counsel refused to agree to a reasonable continuance.

1

1

## I.   Discussion

2

### a.   Legal Standard

3      The federal rules of civil procedure, "should be construed, administered, and employed by the

4   court **and the parties** to secure the just, speedy, and inexpensive determination of every action and

5   proceeding." FRCP 1 (emphasis added). "When a lawyer knows or reasonably should know the identity

6   of a lawyer representing an opposing party, he or she should not take advantage of the lawyer by causing

7   any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to

8   proceed." NRPC 3.5A;("Rule 3.5A (formerly Supreme Court Rule 175) is a Nevada-specific Rule. It has

9   no counterpart in the ABA Model Rules"); see also LR IA 11-7(a) ("An attorney admitted to practice

10   under any of these rules must adhere to the standards of conduct prescribed by the Model Rules of

11   Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada,

12   except as these standards may be modified by this court[.]") "Counsel should strive to be cooperative,

13   practical and sensible, and should seek judicial intervention only in extraordinary situations that

14   implicate truly significant interests." *Petrillo v. Pinnacle Servs*., 2023 U.S. Dist. LEXIS 36606, at 1. 8-9

15   (D. Nev. Mar. 3, 2023)(quoting *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1145 (D. Nev.

16   2015) (citations and internal quotations omitted)).

17      The Federal Rules of Civil Procedure provide that, "[w]hen an act may or must be done within a

18   specified time, the court may, for good cause, extend the time…on motion made after the time has

19   expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Rule

20   12(a)(1)(4)(A) states that ("if the court denies the motion [to dismiss] the responsive pleading must be

21   served within 14 days after notice of the court's action."). Federal Rule of Civil Procedure 12(f) states

22   that, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial,

23   impertinent or scandalous matter." The purpose of a Rule 12(f) motion is to, "avoid the expenditure of

24   time and money that may arise from litigating spurious issues by dispensing with those issues prior to

25

1   trial.*" Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S.

2   517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Federal Rule of Civil Procedure 8(c) provides that, "a

3   party must affirmatively state any avoidance or affirmative defense."  Motions to strike are disfavored.

4   *Roadhouse v. Las Vegas Metropolitan Police Dept*., 290 F.R.D. 535, 543 (D. Nev. 2013). "Given their

5   disfavored status, courts often require a showing of prejudice by the moving party before granting the

6   requested relief." *Id.*  "Whether to grant a motion to strike lies within the sound discretion of the district

7   court." *Id.*

8          The Ninth Circuit held that "[t]he 'fair notice' required by the pleading standards only requires

9   describing the defense in 'general terms.'" *Kohler v. Flava Enter.,* 779 F.3d 1016, 1019 (9th Cir. 2015);

10   *Sims v. Peak Legal Advocates*, No. SACV 18-1199 JVS (KESx), 2018 U.S. Dist. LEXIS 196245, at 2

11   (C.D. Cal. Nov. 16, 2018) ("Although other courts have held defendants to the *Iqbal* and *Twombly*

12   standard of plausibility, in the Ninth Circuit, a 'fair notice' standard applies to pleading affirmative

13   defenses. Fair notice only requires a defendant to describe an affirmative defense in 'general terms.'")

14          There is a split in authority in this District, however, regarding whether the Ninth Circuit's

15   decision in Kohler settled whether an affirmative defense must also be plausible per Iqbal and Twombly.

16   See, e.g. *Rimini St., Inc. v. Oracle Int'l Corp*., No. 2:14-CV-1699-LRH-CWH, 2017 WL 7038125, at 2

17   (D. Nev. Nov. 17, 2017) ("To sufficiently allege an affirmative defense under Rule 8(a)(2), viewed

18   within the context of a Rule 12(f) motion to strike, the affirmative defense must "contain sufficient

19   factual matter, accepted as true, to 'state a [defense] that is plausible on its face.' "), but see *Heyman v.*

20   *Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ*., No. 2:15-CV-01228-RFB-GWF, 2016

21   WL 11662273, at 1 (D. Nev. July 22, 2016) ("An affirmative defense need not be plausible to survive; it

22   must merely provide fair notice of the issues involved.") (internal citations and quotations omitted); and

23   *ESCO Corp. v. Cashman Equipment Co*., 158 F. Supp.3d 1051, 1058 (D. Nev. 2016) ("The standard for

24   properly pleading an affirmative defense does not rise to the same level of pleading a cause of action.").

25

1    Even before the Ninth Circuit decided *Kohler*, however, this Court has repeatedly held that a

2    showing of prejudice is a threshold issue. See *Painters Jt. Comm. v. J.L. Wallco, Inc.*, 2011 U.S. Dist.

3    Lexis 68614, 2-3 (D. Nev. June 14, 2011) (Mahan, J.) (plaintiffs failed to show that any prejudice results

4    from allowing the "generic" affirmative defenses to stand until the parties complete discovery); see also

5    *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) after determining no

6    prejudice existed, finding it unnecessary to strike 30 "listed" affirmative defenses); *Russell Rd. Food &*

7    *Bev., LLC v. Galam*, No. 2:13-cv-0776-JCM-NJK, 2013 U.S. Dist. LEXIS 177415, at 5 (D. Nev. Dec.

8    17, 2013) (same).

9    **b. Analysis**

10    Plaintiff's counsel cites Federal Rules of Civil Procedure 6 and 12 for the proposition that it can

11    move this Court to issue an order to compel the plaintiff to file a motion. These rules do not contemplate

12    parties filing motions to compel the opposing party to file a certain type of motion. While the defendants

13    are now on notice that they may not be in compliance with Rules 6 and 12, the plaintiff cites to no

14    authority that the rules contemplate that it can multiply the proceedings by filing motions to compel

15    opposing parties to file motions. By this standard, the defendants could have filed a motion to compel

16    the plaintiff to follow the local rules and file two motions (a motion to compel and a motion to strike)

17    instead of one per local rule IC 2-2(b). Such tactics would multiply the proceedings and frustrate the

18    courts. I deny the plaintiff's motion to compel the defendants to file a motion.

19    Plaintiff's counsel knew the identity of Alpine and Walsh's counsel in this case, and when

20    plaintiff's counsel observed that the answer had not been filed on time, plaintiff's counsel reached out to

21    defense counsel regarding the untimely answer, in compliance with the inquiry requirement of NRPC

22    3.5A. In response to plaintiff's inquiry, defense counsel filed its answer. ECF No. 54 at 2. This inquiry

23    requirement of NRPC 3.5A contemplates that attorneys should work together to ensure that cases are

24    decided on the merits. See *Rowland v. Lepire*, 95 Nev. 639, 640 (Annulling the judgment after the

25

1    plaintiffs' counsel had default entered and later secured a default judgment against defendants without

2    notice to their counsel in compliance with this rule). Both parties are also required to work together to

3    further the goals of Rule 1.

4         Plaintiff asks the court to strike the affirmative defenses as equitable relief, but it also argues that

5    the affirmative defenses are improper altogether. To the extent that plaintiff argues that a series of

6    affirmative defenses should be stricken because they do not provide fair notice (ECF No. 54 at 6). I

7    recognize this District has not consistently found that Kohler settled this split, as noted above. Requiring

8    defendants to satisfy the plausibility pleading standard, however, (where the plaintiff had two years or

9    more depending in the statute of limitations to investigate the facts and craft its complaint) would be

10   inconsistent with the language of the Rules of Civil Procedure and would not be just, as a matter of

11   policy.  This reasoning supports interpreting the fair notice standard to only require that affirmative

12   defenses be stated in general terms (rather than the more demanding plausibility standard). I have

13   reviewed the affirmative defenses, and each defense is stated in general terms. Pursuant to the fair notice

14   standard, the defendant need only state affirmative defenses in general terms. I find that each of the

15   affirmative defenses in this case meets the fair notice standard.

16        I find it unnecessary, however, to determine whether Kohler indeed should have settled the split

17   in this District, because plaintiff ignores the fact that the threshold issue is whether it will be prejudiced.

18   Plaintiff does not argue that it will be prejudiced if the affirmative defenses are allowed to stand until the

19   parties complete discovery. Considering that motions to strike are disfavored and plaintiff has not shown

20   that it will be prejudiced, I exercise my discretion and deny the plaintiff's request to strike the

21   affirmative defenses, except for the two affirmative defenses that defendant conceded should be

22   removed.

23        "The court expects a high degree of professionalism and civility from attorneys." Local Rule 1-

24   1(c). Regarding plaintiff's refusal to stipulate to continue the hearing until after the winter holidays, I

25

advise plaintiff's counsel—Ian Kellogg and James P. McDonald—to reflect upon the unpleasant distraction of incivility and the effectiveness of civility in the practice of law. See Radosevich, Michelle, Civility: *Just Be Nice?,* NW Lawyer (Feb. 2013).

Accordingly,

I ORDER that plaintiff United States Securities and Exchange Commission's motion to compel (ECF No. 54) is GRANTED IN PART, as specified in my order.

I FURTHER ORDER that Alpine and Walsh's two affirmative defenses of failure to state a claim and reservation of defenses be STRICKEN from their answer (ECF No. 48), per the agreement of the parties.

I FURTHER ORDER that the hearing on this matter (ECF No. 59) is VACATED.

I FURTHER ORDER that defendants' motion to continue hearing (ECF No. 60) is DENIED AS MOOT.

DATED this 14th day of December 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE