Christopher Doubek

2043 Joy View Lane

Henderson, NV 89012

(312) 953-2723

cdoubek@btap.com

UNITED STATES DISTRICT COURT DISTRICT OF NEVADA

UNITED STATES SECURITIES Case No. 2:22-cv-01279-RFB-VCF_____

AND SECURITIES EXCHANGE COMMISSION,

Plaintiff

v.

Christopher Doubek

Pro Se

Defendant

Motion to Disqualify Attorney Miranda Fritz Due to Pervasive Conflict of Interest and Information Suppression

Introduction

I, Christopher Doubek, Defendant in this action, respectfully move this Court to disqualify Attorney Miranda Fritz from representing any Defendant. Ms. Fritz's extensive and conflicted involvement in the very actions underlying this lawsuit creates a blatant and undeniable conflict of interest. Far from acting solely as legal counsel, Ms. Fritz actively participated in numerous meetings, drafted a key regulatory

document with misleading information, and strategized on resolving potential regulatory violations – all while possessing full knowledge of the legal and ethical concerns surrounding these actions.

Grounds for Disqualification

Ms. Fritz's involvement transcended the boundaries of legal representation, creating a clear conflict of interest:

Attendance at Meetings and Discussions: Ms. Fritz attended numerous meetings and discussions directly related to Alpine Securities' operations during the period in question. These meetings involved discussions of my personal concerns regarding the proposed actions directed by John Hurry and Jim Kelly. Critically, Ms. Fritz possessed full knowledge of the potentially problematic nature of these actions. Such extensive participation as a non-legal advisor blurs the lines and raises doubts about her ability to provide unbiased legal advice.

Business Development and Strategy: Ms. Fritz's deliberate involvement in business development meetings pertaining to the alleged violations further underscores her conflict of interest. Her actions suggest a disregard for legal boundaries and raise concerns about her allegiance to the defendants' legal interests.

Mediating Role and Divided Loyalty: Ms. Fritz's role as a mediator between John Hurry and myself regarding directives and business agendas creates a blatant conflict. This intermediary role, coupled with her legal representation, demonstrates a divided loyalty that jeopardizes fair legal proceedings for the defendants.

Reassurance of Legality and Lack of Objectivity: Despite my expressions of concern regarding the legality of John Hurry's directives for Alpine Securities, Ms. Fritz's reassurances suggest a lack of objectivity. When acting as an attorney, such reassurances raise serious doubts about her ability to provide unbiased legal counsel.

Assertion of Indispensable Parties and Affiliation with Hurry: My motion to have John Hurry and Jim Kelly named as defendants highlights their role in orchestrating the alleged actions. Ms. Fritz's close

affiliation with John Hurry and her role as his consigliere further complicate her ability to act impartially on behalf of Alpine and other defendants.

Drafting FINRA Form U5 with Misinformation: Ms. Fritz's involvement extended beyond mere participation. Upon my voluntary departure, she individually drafted my FINRA Form U5, a document that requires accurate disclosure. Alarmingly, I have reason to believe Ms. Fritz drafted this form with full knowledge that certain statements about my involvement were mischaracterizations and untruths. This action by Ms. Fritz constitutes a serious breach of her ethical obligations and a potential violation of FINRA rules.

Meeting with Wallace Cheves on Regulatory Issues: Ms. Fritz's involvement in this matter extends beyond its peripheral aspects. Notably, she was present at a critical meeting with Wallace Cheves, a highly successful business leader renowned for his deep regulatory expertise and congressional lobbying connections who was introduced by Mr. Kelly.  This meeting specifically addressed potential strategies for resolving Alpine's outstanding issues with FINRA and the SEC related to OTC stock deposit and liquidation practices.  Ms. Fritz's participation in such a sensitive discussion, particularly given her alleged knowledge of the underlying activities in which Alpine and John Hurry were involved, demonstrates a clear and undeniable conflict of interest.  Her ability to effectively advocate for any Defendant, considering the potential involvement of such a high-profile regulatory figure, is undeniably compromised.

Attorney-Client Privilege and Information Suppression: Ms. Fritz's invocation of attorney-client privilege to shield information relating to my concerns established in direct discussions with her regarding John Hurry and Jim Kelly further obstructs transparency and fairness in legal proceedings.

Potential Consequences of Ms. Fritz's Involvement

The depth of Ms. Fritz's involvement raises serious concerns that extend beyond disqualification. Her actions suggest potential culpability in the alleged violations. Given the potential for her to be named as a defendant, her continued representation of any Defendant creates a further conflict and hinders a complete and fair defense for all parties involved.

Conclusion and Prey for relief

Ms. Fritz's multifaceted and conflicted involvement, coupled with her close affiliation with John Hurry and the invocation of attorney-client privilege, undermines the foundation of fair legal representation. Her actions indicate a clear bias and disregard for legal ethics, necessitating immediate disqualification to uphold the integrity of legal proceedings for Defendants Joe Walsh and Alpine Securities. Furthermore, the potential for Ms. Fritz to be named as a defendant necessitates her removal from representing any Defendant in this case.

I am requesting this court decide in favor of my motion on the grounds that without the action effective and fair judgment cannot be rendered relative to the remaining defendants, including and especially myself. Thank you for your attention.

All Parties will be served through the CM/ECS system.