**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>Plaintiff(s),<br><br>vs.<br><br>Alpine Securities Corporation, *et al.*,<br><br>Defendant(s). | 2:22-cv-01279-RFB-MDC<br><br>Order |

Pending before the Court is defendant Christopher Doubek's *Motion to Disqualify Counsel* (ECF No. 70). Defendant Doubek seeks to disqualify Miranda Fritz, counsel for Alpine Securities Corporation and Joseph Walsh. No opposition has been filed and the time for doing so has long passed, nonetheless, the Court denies the Motion.

In general, a document filed *pro se* is "liberally construed" and held to "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal citations omitted). However, the Ninth Circuit has long held that *pro se* litigants are "expected to abide by the rules of the court in which he litigates." *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986). This Court's local rules states that "[a]ll motions…must be supported by a memorandum of points and authorities." Local Rule 7-2(a). Here, defendant Doubek has failed to support his motion with a memorandum of points and authorities. *See generally* ECF No. 70. A statement of "points and authorities" generally identify (a) what action is being requested of the court; (b) the reasons why such action is requested; and (c) argument with <u>legal authorities</u> (*e.g.*, cases, statutes, rules, etc.…) that support the requested action and stated reasons for such action.   Mr. Doubek should familiarize himself with the Local Rules and the Federal Rules of Civil Procedure.  "The failure of a moving party to file points and authorities in support of the motion constitutes consent to the denial of the motion." Local Rule 7-2(d).  Defendant Doubek's failure to file a memorandum of points and

authorities in support of his motion constitutes a consent to the denial of the motion under Local Rule 7-2(d).  Moreover, Mr. Doubek failed to sign his motion, as required by Local Rule IC 5-1.  Finally, Mr. Doubek should also review Local Rule IA 10-2 regarding the required format for filed documents.

ACCORDINGLY,

**IT IS ORDERED** that the *Motion to Disqualify Counsel* (**ECF No. 70**) is **DENIED WITHOUT PREJUDICE**. Defendant may refile his Motion in compliance with LR 7-2. A statement of "points and authorities" generally identify (a) what action is being requested of the court; (b) the reasons why such action is requested; and (c) argument and legal authorities (e.g., cases, statutes, rules, etc....) that support the requested action and stated reasons for such action. A copy of the Court's Local Rules may be accessed on the Court's website.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 3rd day of June 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge