

May 12, 2025

2043 Joy View Ln, Henderson, NV 89012, USA

Christopher R. Doubek

The Honorable Judge Richard F. Boulware II, United States District Court, District of Nevada

**IMMEDIATE AND URGENT DEMAND FOR JUSTICE: Compelling and Irrefutable Evidence Mandates My Dismissal or the Immediate Addition of John Hurry as a Defendant in SEC v. Alpine Securities, et al., Case No. 22-CV-1279**

Your Honor,

Your Honor, I am Christopher R. Doubek, appearing pro se in this matter. I am writing to respectfully request this Honorable Court to accept and consider the attached letter, which serves as an IMMEDIATE AND URGENT DEMAND FOR JUSTICE: Compelling and Irrefutable Evidence Mandates My Dismissal or the Immediate Addition of John Hurry as a Defendant in SEC v. Alpine Securities, et al., Case No. 22-CV-1279. This late submission, in the form of this urgent demand, is not due to any disrespect for the Court's deadlines or any intent to delay these proceedings. Rather, it is a result of the profound and escalating injustice I am experiencing and the recent corroboration of critical evidence that underscores the urgent need for the Court's immediate attention to the matters detailed herein. I believe that allowing this demand to be fully considered is unequivocally in the interest of justice, will not unduly prejudice the opposing party as it seeks a just and accurate accounting of responsibility, and will allow for a more complete and truthful consideration of the merits of this case. I have acted with the utmost urgency in compiling and presenting this information as it has become undeniably clear, and am now imploring the Court's immediate intervention to rectify a grave and ongoing inequity.

I request with the gravest urgency and a profound sense of injustice, to once again implore this Court to grant immediate summary judgment in my favor. The only equitable resolution is either my outright and immediate dismissal from the Securities and Exchange Commission ("SEC") action against Alpine Securities ("Alpine"), Joe Walsh, and myself, or, at an absolute minimum, the swift and unequivocal mandating of John Hurry's addition as a principal defendant. The overwhelming, irrefutable, and consistently corroborated evidence now before this Court, viewed in its entirety, leaves no room for doubt: Mr. John Hurry's pervasive and abusive control, his deeply entrenched lack of integrity, and his utter disregard for corporate governance and ethical management were the sole, direct, and proximate causes of the catastrophic issues at Alpine. To continue to exclude him as a defendant while I remain unjustly targeted and bear the brunt of this action is not merely an oversight; it is a blatant and unconscionable miscarriage of justice that demands immediate and decisive correction by this Court.

The historical record unequivocally brands John Hurry as a recidivist offender, whose alarming pattern of misconduct, abuse of power, and fundamental lack of morality or respect for

regulatory frameworks spans multiple industries and jurisdictions, directly mirroring the allegations against Alpine. The following summary of compelling evidence underscores the acute and urgent need for this Court's immediate intervention:

The Financial Industry Regulatory Authority ("FINRA"), in its damning judgment of March 25, 2025 (FINRA Disciplinary Proceeding No. 2019061232601), following an exhaustive and meticulous investigation, explicitly and definitively identified John Hurry as the ultimate and absolute controlling force behind Alpine. FINRA unequivocally determined that the systemic misconduct occurred while Alpine was beneficially owned by trusts directly managed by John Hurry, who personally and imperiously dictated the very policies and illicit fees that form the crux of the SEC's allegations. His manifest frustration and utter contempt for regulatory oversight and scrutiny further irrefutably confirm his direct, personal, and abusive involvement. My role as CEO was strictly that of a fiduciary, operating under the explicit, often ethically compromised, directives and within the coercive framework established by Mr. Hurry and, regrettably, affirmed by in-house counsel directly engaged by and soley reporting to John Hurry. The fact that FINRA, after its comprehensive investigation into the entirety of Alpine's management structure, brought no action whatsoever against me personally stands as a stark and thunderous indictment of where the true and ultimate responsibility lies – squarely with John Hurry.

The Nevada Division of Financial Institutions, in its considered and damning decision of July 21, 2023, denying Mr. Hurry's application for Advisors Capital Trust Company, independently and unequivocally corroborated FINRA's findings. Nevada explicitly cited Alpine's expulsion due to "the gross mismanagement of the firm and blind adherence to misguided policies established by a non-registered person, John Hurry, who neither comprehended nor respected the duty of fair dealing that the member firm owed its customers." Nevada unequivocally acknowledged Mr. Hurry's "100% indirect beneficial ownership" and directly quoted FINRA's irrefutable conclusion that "many key decisions resulting in the misconduct at issue here came from John Hurry, regardless of who served as chief executive officer..." Furthermore, Nevada specifically highlighted Mr. Hurry's demonstrable lack of trustworthiness and his direct and abusive management of Alpine, further solidifying his central role in the firm's failures.

The recent Memorandum Decision & Order from the United States District Court for the District of Utah,dated March 8, 2024, while focused on a different legal challenge by Alpine, chillingly underscores the terminal consequences stemming directly from the conduct orchestrated by its sole beneficial shareholder, John Hurry. The judgment details that following the implementation of new capital requirements by the National Securities Clearing Corporation (NSCC), NSCC issued a "Notice of Intent to Cease to Act" for Alpine due to the firm's alleged willful non-compliance and the submission of demonstrably inaccurate data. This decisive action by the NSCC, a direct and foreseeable consequence of Alpine's precarious operational standing under Hurry's reckless direction, starkly highlights the critical and immediate regulatory pressures that ultimately led to the firm's demise. The Utah court's recounting of this "Notice of Intent to Cease to Act" serves as an unmistakable and ominous indicator of the "corporate death penalty" that loomed, and ultimately fell, upon Alpine – a situation directly, solely, and unequivocally attributable to the abusive management and ethically bankrupt policy decisions emanating directly from its controlling sha, reholder, John Hurry.

Adding to this already overwhelming and damning record is the "Notice of Termination" issued by Hyundai Motor America ("HMA") on April 14, 2022. This document, originating from an entirely separate and unrelated industry, provides chillingly consistent and independently verifiable evidence of Mr. Hurry's profound and deeply ingrained lack of integrity and his directly controlling and often abusive business practices. Hyundai meticulously detailed Mr. Hurry's material and deliberate misrepresentations in his franchise applications, his calculated concealment of the extensive and severe disciplinary actions levied by the SEC and FINRA against him and his various firms. HMA powerfully reiterated FINRA's damning findings of Alpine's systematic misuse of customer funds and Mr. Hurry's personal engagement in "illegal sales of securities," conduct so egregious that it resulted in his bar from the securities industry for "purposeful" and "egregious" actions, deemed a direct "threat to investors and the integrity of the securities markets." Hyundai's independent and unequivocal assessment starkly underscores the pervasive and deeply rooted nature of Mr. Hurry's misconduct and his fundamental unsuitability to lead any organization requiring even a modicum of trust, ethical conduct, and adherence to regulatory obligations.

The undeniable convergence of these independent regulatory and business assessments leaves absolutely no room for doubt: John Hurry's dictatorial control, his demonstrable and repeatedly evidenced lack of integrity, and his abusive management practices were the singular and direct wellspring of the systemic issues that plagued Alpine Securities, regardless of and in spite of management personal in place. My continued inclusion in this punitive action, while the individual who personally orchestrated the alleged misconduct remains conspicuously shielded from accountability, is not merely an oversight or an inconvenience; it is an unconscionable burden, a profound misdirection of justice, and a grave threat to my professional and personal life.

Therefore, I respectfully, earnestly, and with the utmost urgency, implore this Court to take immediate and decisive action. The overwhelming, irrefutable, and consistently corroborated evidence unequivocally demands either my swift and complete dismissal from this unjust action or the immediate and unequivocal addition of John Hurry as a named principal defendant, holding him directly and fully accountable for the devastating consequences of his direct, abusive control and his extensively documented pattern of willful disregard for regulatory obligations and fundamental ethical conduct. My pro se status only underscores the desperate and immediate need for this Court's intervention to rectify this glaring and egregious inequity and to prevent further irreparable harm to my life and professional standing, which hangs precariously in the balance.

Thank you for your immediate, earnest, and just consideration of this critical and urgent plea for fundamental fairness.

Respectfully,

Christopher R. Doubek