James P. McDonald
Jacqueline M. Moessner
Admitted pursuant to LR IA 11-3
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, Colorado 80294
(303) 844-1000
mcdonaldja@sec.gov
moessnerj@sec.gov

*Counsel for Plaintiff Securities and Exchange Commission*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALPINE SECURITIES CORPORATION, CHRISTOPHER DOUBEK, and JOSEPH WALSH,<br><br>　　　　Defendants. | Case No. 2:22-cv-01279-RFB-MDC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT DOUBEK'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ADDITION OF JOHN HURRY AS A DEFENDANT (ECF No. 103)** |

Plaintiff United States Securities and Exchange Commission respectfully submits this opposition to Defendant Doubek's Motion to Dismiss or, in the Alternative, to Compel Addition of John Hurry as a Defendant (the "Motion" or "Mot." ECF No. 103[1]). Almost two years ago, in August of 2023, this Court rejected a nearly identical Motion by Defendant. The Court should again deny this duplicative, belated Motion.

## Relevant Procedural Background

The SEC filed the Complaint in this matter on August 10, 2022 (ECF No. 1). On October 18, 2022, Defendants Alpine and Walsh moved to dismiss based on improper venue or to stay this

---

[1] To the extent any response is necessary, this Opposition also serves as a response to Mr. Doubek's similar letter that appears at ECF No. 102.

matter in light of another proceeding (ECF No. 14). On October 19, 2022, Defendant Doubek, who is proceeding *pro se*, separately moved to dismiss on the ground that other parties should be joined or to join those parties (ECF No. 17). The Court heard Defendants' motions on August 15, 2023, and, for the reasons stated at the hearing, denied them (ECF No. 39).

On September 15, 2023, the Court entered a Stipulated Discovery Plan and Scheduling Order ("Scheduling Order") (ECF No. 41). Defendants filed answers on October 16 and 20, 2023, (ECF Nos. 48, 50). The Scheduling Order was amended several times on the parties' motions, and discovery concluded on August 27, 2024 (ECF Nos. 63, 66, 73, 76).

The SEC filed a motion for summary judgment on October 10, 2024 (ECF No. 81); Defendants Alpine and Walsh filed a motion for partial summary judgment on October 18, 2024 (ECF No. 87). Those summary judgment motions have been fully briefed, and the Court has set a hearing for May 28, 2025 (ECF No. 100). Defendant Doubek did not file a motion for summary judgment or respond to either motion for summary judgment.

<u>Argument</u>

**A. The Motion is Duplicative of Defendant Doubek's Prior Motion to Dismiss that the Court Properly Denied.**

The Motion is duplicative of Defendant Doubek's prior Motion to Dismiss, filed on October 19, 2022 (ECF No. 17). The crux of both motions is that Mr. Doubek believes that another individual, John Hurry, should be a defendant in this lawsuit. Although Mr. Doubek refers to other tribunals' more recent determinations involving Mr. Hurry, those facts are not newly discovered, and they do not change the legal issues in this SEC enforcement action, nor change the Court's prior analysis regarding whether Mr. Hurry is required to be joined in this matter. That issue was specifically raised in the previous motion to dismiss, argued at the hearing, and rejected by this Court. *See* August 15, 2023 Motions Hearing Transcript at 35:23-40:19 and Minute Order Denying Motions to Dismiss (ECF No. 39).

As previously argued by the SEC, and as accepted by the Court, Mr. Doubek's contention that Mr. Hurry was ultimately responsible for, or played a role in, the acts alleged in the SEC's Complaint does not warrant dismissal of this action as to Mr. Doubek (*see* ECF No. 19). As further

explained in the SEC's Opposition to Mr. Doubek's previous motion to dismiss,

> An agency's decision to bring or not to bring an enforcement action against a person or entity is 'presumed immune from judicial review.' *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).[2] Accordingly, 'courts have generally concluded that defendants cannot employ Rule 19 to force the SEC to sue other parties or face dismissal in enforcement actions.' *Norstra Energy Inc.*, 2016 WL 4530893, at *1 (collecting cases).'

ECF No. 19 at 2 (footnote in original). As the SEC has previously shown, and as remains true now, Mr. Hurry is not a "'required party' under Rule 19 such that the Complaint should be dismissed for 'failure to join a party under Rule 19,' Fed. R. Civ. P. 12(b)(7)[3]" (ECF No. 19 at 2). It is still the case that the "Court can 'accord complete relief among existing parties' in this enforcement action even in the absence of Hurry [] Fed. R. Civ. P. 19(a)(1)(A)" (*see* ECF No. 19 at 3). For the same reasons the SEC has previously explained in full in ECF No. 19, and for the same reasons the Court previously found, the Motion should again be denied.[4]

---

[2] To rebut that presumption, a party must show that an agency's decision was "so extreme as to amount to an abdication of its statutory responsibilities." *Chaney*, 470 U.S. at 833 & n.4. [Mr.] Doubek cannot make that showing in this SEC enforcement action because the federal securities laws expressly provide that the decision to bring an enforcement action against a person is entrusted to the SEC's "discretion." 15 U.S.C. § 78u(d)(1); 15 U.S.C. § 77t(b); *accord SEC v. Norstra Energy Inc.*, No. 15cv4751, 2016 WL 4530893, at *1 (S.D.N.Y. Jan. 19, 2016) (holding that the defendant failed to satisfy his burden to show an abdication of statutory responsibilities because the Exchange Act specifically affords the SEC "discretion").

[3] Federal Rule of Civil Procedure 19(a)(1) provides as follows:
(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.
(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

[4] Even if it were not duplicative, the Court could exercise its discretion to deny this belated motion to dismiss, which has been filed after the close of discovery. *See Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc.*, No. 2:18-cv-01118-JAD-VCF, 2020 WL 5983882 at *3 (D. Nev. Oct. 8, 2020) (holding that "[w]hile affirming that Rule 12(g)(2) bars successive Rule 12(b)(6)

**B.  If Treated as A Motion for Reconsideration, the Motion Should Still Be Denied.**

To the extent that the Court treats the Motion as a motion for reconsideration pursuant to Local Rule 59-1, it also should be denied. As this Court has explained:

> A district court may grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A party seeking reconsideration ... must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1.

*Connor v. US*, No.2:19-cv-02241-RFB-VCF, 2022 WL 200333347, at *1 (D. Nev. Aug. 18, 2022). Mr. Doubek asserts that the "overwhelming, irrefutable, and consistently corroborated evidence" requires Mr. Hurry to be a defendant in this matter. In support of this argument the Motion points to the following materials that contain allegations or findings regarding Mr. Hurry: (1) FINRA Disciplinary Proceeding No. 2019061232601; (2) Nevada Division of Financial Institutions Decision of July 21, 2023 (the "Nevada Decision"); (3) United States District Court for the District of Utah, Memorandum Decision and Order of March 8, 2024 (the "Utah Decision"); and (4) Hyundai Motor America "Notice of Termination" of April 14, 2022. Motion at 2-3, ¶¶ 1-4.

None of these items constitute newly-discovered facts. The FINRA proceeding referenced has been ongoing for many years and was specifically referenced at the motion to dismiss stage. *See e.g.*, Aug. 15, 2023 Hearing Transcript at 36:22-37:8. The subsequent decision on appeal referenced by Mr. Doubek is not a new fact that affects the previously argued motion. The Nevada Decision predates the hearing on the previous motion to dismiss and thus is not newly discovered evidence. The Utah Decision, which is already over a year

---

motions, the Ninth Circuit held that district courts have some discretion to consider such a motion if doing so does not prejudice the plaintiff and expedites resolution of the case" and concluding that "[t]hose conditions [were] not satisfied" and thus denying a belated motion to dismiss given prejudice to the plaintiff) (citing *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017), *aff'd sub nom Apple Inc. v. Pepper*, 138 S.Ct. 2647 (2018)).

old, is, as Mr. Doubek admits, related to a "different legal challenge by Alpine" (Mot. at 2, ¶ 3). It is not newly discovered evidence that bears on the Motion. The Hyundai Notice of Termination, a notice of termination by a private party, both predates the prior motion to dismiss and does not raise any newly-discovered evidence. Finally, even if the facts set forth in Mr. Doubek's declaration were to be considered "newly discovered evidence," they do not affect the underlying determination of whether Mr. Hurry is required to be joined in this lawsuit as they do not affect whether the Court can afford complete relief against the Defendants in this SEC Enforcement action. *See supra* Section A and ECF No. 19.

### C.  The Time to Amend Pleadings Has Long Since Passed.

Further, the time to amend pleadings in this matter has long since passed. On September 15, 2023, the Court issued its Stipulated Discovery Plan and Scheduling Order (ECF No. 41); *see also* Fed. R. Civ. P. 15(a). That Order set November 30, 2023 as the Deadline to amend pleadings and add parties (*id.* at 2, ¶ 4). As that date had passed before the first amendment of the scheduling orders, that deadline was never amended (*see, e.g.*, ECF No. 63, Order Amending Certain Deadlines of Stipulated Discovery Plan and Scheduling Order, which did not include the deadline to amend pleadings or add parties).

### D.  If Treated as A Motion for Summary Judgment, the Motion Should Also Be Denied.

Finally, while titled a motion to dismiss, Mr. Doubek also requests that the Court "grant immediate summary judgment in my favor" (Mot. at 1). To the extent the Motion is considered a motion for summary judgment, the Motion is untimely and fails to comply with Fed. R. Civ. P. 56 and Local Rule 56-1. The applicable scheduling order required any motions for summary judgment to be filed no later than October 18, 2024 (ECF No. 86), nearly seven months ago. Further, Mr. Doubek does not show, nor attempt to show, that there is "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). To the extent the Motion is treated as a motion for summary judgment, the SEC incorporates all arguments made in the briefing on its motion for summary judgment (ECF Nos. 81, 82 and 95) and

in opposition to Defendants' Alpine and Walsh's Partial Motion for Summary Judgment (ECF No. 92, 93).

## **Conclusion**

For the foregoing reasons, the Motion should be denied.

Respectfully submitted May 21, 2025.

<div style="margin-left:auto">

SECURITIES AND EXCHANGE COMMISSION

*/s/ Jacqueline M. Moessner*
James P. McDonald
Jacqueline M. Moessner
Admitted pursuant to LR IA 11-3
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, Colorado 80294
(303) 844-1000
mcdonaldja@sec.gov
moessnerj@sec.gov

*Attorneys for Plaintiff Securities and Exchange Commission*

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Court on May 21, 2025, through the CM/ECF system, which will electronically notify all counsel of record and pro se parties authorized to receive electronic notifications.

*/s/Jacqueline M. Moessner*
Securities and Exchange Commission