X FILED RECEIVED
ENTERED SERVED ON
May 27, 2025
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY: JG DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

ALPINE SECURITIES CORPORATION, CHRISTOPHER DOUBEK, and JOSEPH WALSH, Defendants.

Case No. 2:22-cv-01279-RFB-MDC

**DEFENDANT CHRISTOPHER R. DOUBEK'S REPLY TO PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT DOUBEK'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL ADDITION OF JOHN HURRY AS A DEFENDANT (ECF No. 104)**

Your Honor,

I am Christopher R. Doubek, appearing pro se, and I respectfully submit this reply to the Securities and Exchange Commission's ("SEC") Opposition to my Motion to Dismiss or, in the Alternative, to Compel Addition of John Hurry as a Defendant (ECF No. 104). The SEC's opposition primarily relies on procedural arguments and prior rulings, attempting to overlook and downplay the profound evidence that fundamentally shifts the equitable considerations before this Court.

---

## This Motion is Compelled by the Cumulative Weight of Definitive, Corroborating Judgments Against John Hurry

The SEC incorrectly characterizes my current motion as merely "duplicative" of my prior October 2022 filing (ECF No. 17). This is a critical misrepresentation of both my position and the factual landscape of this case. While the *subject* of John Hurry's culpability has been raised previously, the *quality and conclusive nature* of the evidence against him has significantly advanced, compelling this renewed and urgent demand.

When my initial motion was considered in August 2023, certain proceedings involving John Hurry were indeed underway. However, it is the **culmination, finality, and detailed findings** from these subsequent processes that now present an irrefutable body of evidence, decisively clarifying Mr. Hurry's role as the orchestrator of the alleged actions.

Specifically, the **Financial Industry Regulatory Authority ("FINRA") judgment of March 25, 2025 (FINRA Disciplinary Proceeding No. 2019061232601)**, is not merely an ongoing proceeding. It is a **definitive, adjudicated finding following an exhaustive investigation**, explicitly identifying John Hurry as the "ultimate and absolute controlling force behind Alpine." This judgment unequivocally determined that the "systemic misconduct occurred while Alpine was beneficially owned and directly managed by John Hurry, who personally and imperiously dictated the very policies and illicit fees that form the crux of the SEC's allegations." This is not a slight adjustment to previously known information; this is a **final, authoritative regulatory pronouncement** that directly and conclusively links Mr. Hurry to the very heart of the SEC's claims. Crucially, **FINRA's comprehensive investigation resulted in no action whatsoever against me personally,** serving as a potent and independent vindication of my position and a stark indictment of where true responsibility lies.

Similarly, the **Nevada Division of Financial Institutions decision of July 21, 2023**, while dated before the August 2023 hearing, has gained profound significance when viewed in concert with the subsequent FINRA judgment. Nevada's explicit citation of Alpine's expulsion due to "gross mismanagement...and blind adherence to misguided policies established by a non-registered person, John Hurry," and their direct quoting of FINRA's conclusion that "many key decisions resulting in the misconduct at issue here came from John Hurry, regardless of who served as chief executive officer," offers **independent, regulatory corroboration** of Mr. Hurry's absolute control and coercive direction.

Furthermore, the **Memorandum Decision & Order from the United States District Court for the District of Utah, dated March 8, 2024**, though focusing on a different challenge, chillingly highlights the dire consequences directly stemming from John Hurry's recklessness, reinforcing the pattern of his destructive management. The **Hyundai Motor America "Notice of Termination" of April 14, 2022**, while predating the current SEC action, now serves as critically relevant **pattern evidence**. It independently verifies Mr. Hurry's deep-seated lack of integrity and his directly controlling, often abusive, business practices across an entirely unrelated industry.

**Testimony of James Kelly Corroborates John Hurry's Coercive Direction**

Further evidence of John Hurry's pervasive control comes from the sworn deposition testimony of **James Kelly**. Mr. Kelly, who worked closely with John Hurry well before my involvement with Alpine, testified that he collaborated directly with Mr. Hurry on initiatives encompassing most of the allegations in both the current SEC action and the prior FINRA case. Mr. Kelly's testimony made it unequivocally clear that **he and John Hurry directed, coerced, and threatened these initiatives through me, despite my voiced objections.**

The cumulative effect of these independent statements, judgments and decisions, particularly the recent FINRA ruling and the Kelly testomony, is to **conclusively demonstrate and repeatedly corroborate that John Hurry orchestrated and directed, through coercion, all of these alleged actions at Alpine.** This is not simply about whether certain facts were "known"; it is about the **reestablishment and judicially affirmed *meaning* and**

***conclusiveness* of those facts** in proving Mr. Hurry's pervasive and coercive direction. This body of evidence now leaves no equitable room for doubt as to the true architect of the alleged misconduct.

---

## Agency Discretion Does Not Sanction Manifest Injustice or Distort Accountability

The SEC correctly cites *Heckler v. Chaney* regarding agency discretion in enforcement actions. However, this foundational principle does not grant the SEC license to perpetrate or perpetuate a **manifest miscarriage of justice,** nor should it allow for the distortion of true accountability. My motion does not seek to dictate the SEC's general enforcement strategy. Instead, it forcefully argues that **in this specific and extraordinary case**, the overwhelming, adjudicated evidence now before the Court demonstrates that the SEC's continued exclusive targeting of me, while glaringly omitting the individual proven to be the orchestrator and ultimate controlling person, **amounts to an unconscionable misdirection of justice that calls their prosecutorial discretion into question under the "abdication of statutory responsibilities" exception.**

I propose that the critical question for this Court is not merely whether the SEC *can* obtain some form of "complete relief" from the existing parties in a technical sense. Rather, it is whether this Court can allow a prosecution to continue against me, an alleged "fiduciary" who has been consistently shown by other regulatory bodies to have operated under the coercive and illicit directives of Mr. Hurry, while the undisputed principal, John Hurry, remains shielded and ignored. The equitable interest in this case demands that this Court examine whether it can truly "accord complete relief" under Rule 19 when the **individual fundamentally responsible for the alleged misconduct, and whose conduct has been definitively adjudicated as such by independent regulatory bodies, is absent.** To subject me to the full weight of this action for actions demonstrably dictated and coerced by another, whose culpability is now a matter of public record from multiple, independent sources, is inherently unjust.

This is precisely where the Court's authority under **Federal Rule of Civil Procedure 19(a)(1)(A) and (B)** becomes paramount. Rule 19(a)(1)(A) mandates joinder if "***in that person's absence, the court cannot accord complete relief among existing parties.***" While the SEC argues they can achieve "complete relief" by punishing me, the concept of "complete relief" extends beyond mere damages or injunctions; it encompasses **the fundamental aim of justice to determine who is truly responsible.** As the Nevada DFI stated, "***key decisions resulting in the misconduct... came from John Hurry, regardless of who served as chief executive officer.***" If the Court proceeds without Hurry, it risks rendering a judgment against a party whose actions were demonstrably compelled, leaving the scheme's true architect unadjudicated in this forum. This constitutes a significant impediment to "complete relief" in the truest sense of determining ultimate accountability.

Furthermore, Rule 19(a)(1)(B)(ii) allows for joinder if the absent person's absence may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent

obligations because of the interest." my continued status as a defendant without Hurry creates an inconsistent and deeply prejudicial legal obligation where I am held accountable for actions directly proven to be orchestrated by him in other forums.

Courts have broad discretion under Rule 19 to ensure that justice is served and that the litigation can reach a meaningful and equitable resolution. As stated in *Provident Tradesmens Bank & Trust Co. v. Lumbermens Mut. Cas. Co.*, 365 F.2d 802 (3d Cir. 1966), the indispensable party doctrine is a matter of "substantive law" ensuring that no decree can be rendered to protect an absent party's interests where their non-joinder would be error. Although the SEC may technically be able to obtain a judgment against me, the equitable considerations outlined in Rule 19(b) for when joinder is not feasible must be carefully weighed. **When an absent party is so central to the controversy that their exclusion would prejudice existing parties or lead to an inadequate judgment, courts have the inherent authority to order joinder.**

The consistent findings by FINRA and the Nevada DFI are not mere suggestions; they are **adjudicated facts that directly bear on the question of who directed and compelled the conduct at issue.** To ignore these conclusive findings would undermine the very purpose of Rule 19 – to ensure a just and comprehensive resolution of disputes, encompassing all truly necessary parties.

---

## The Urgency of This Motion: A Response to Definitive Judgments and Maturing Injustice

I acknowledge the Court's scheduling orders and deadlines, including those for amendments and summary judgment. My immediate and urgent demand is precisely because the **full, conclusive scope of the corroborating evidence against John Hurry has only recently become undeniable and judicially affirmed**, particularly with the FINRA judgment of March 2025. This motion, therefore, is not a routine, belated procedural filing; it is an **urgent plea for intervention** based on the culminating weight of irrefutable, *matured* evidence that fundamentally changes the equitable considerations. To hold me to a rigid interpretation of past deadlines, especially given my pro se status and the profound, ongoing impact this litigation has on my professional and personal life, would prioritize procedural formality over the pursuit of fundamental fairness and truth, and would ignore the very evidence that has just been brought to full light. I have acted with the utmost diligence in presenting this information the moment its conclusive nature was established.

---

## Conclusion

The SEC's opposition relies on procedural technicalities to avoid confronting the profound implications of the definitive regulatory and judicial findings against John Hurry. These findings fundamentally address and affirm the factual landscape of this case and underscore the profound inequity of my continued inclusion as a defendant. I respectfully urge this Court to consider the full, cumulative weight of this evidence and recognize that to continue to exclude John Hurry as a principal defendant, or to deny my dismissal, would be to endorse an unconscionable burden upon me for actions that have been demonstrably and conclusively attributed to another, who orchestrated and directed those actions through coercion.

I respectfully request that the Court grant my Motion for Dismissal or, in the alternative, compel the immediate addition of John Hurry as a principal defendant.

Thank you for your immediate and just consideration.

Respectfully,

Christopher R. Doubek